320 So.2d 245 (1975)
CITY OF KENNER
v.
Joseph A. WOOL, Jr., and Municipal Fire and Police Civil Service Commission of the City of Kenner.
No. 7007.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1975.
*246 H. A. Vondenstein, Kenner, for plaintiff-appellee, City of Kenner.
Oneal G. Legendre, Jr., Kenner, for defendant-appellee, Joseph A. Wool, Jr.
F. L. Morris & Associates, Philip R. Johnson, Metairie, for defendant-appellant, Municipal Fire and Police Civil Service Commission of the City of Kenner.
Before SAMUEL, GULOTTA and BEER, JJ.
GULOTTA, Judge.
This is an appeal from a judgment of the trial court which set aside and vacated an order of the Municipal Fire and Police Civil Service Commission of the City of Kenner. We affirm.
The Kenner Police Chief demoted defendant, Joseph A. Wool, Jr., from the rank of sergeant to patrolman and suspended him for a period of 30 days. The Commission set aside the demotion of Wool, but increased the suspension period from 30 to 60 days. The City of Kenner appealed the Commission's ruling to the district court which set aside the decision of the Commission and reinstated the order of the Police Chief. This appeal, filed by the Commission, followed. Defendant Wool did not appeal.
Following an investigation by the Internal Affairs Division of the Police Department, Wool was demoted and suspended for violation of departmental rules. Those rules claimed to have been violated by defendant are: (1) willful disobedience of rules of order; (2) being under the influence of liquor; (3) conduct unbecoming an officer; (4) neglect of duty; and, (5) being absent from duty without permission. It was stipulated that Sgt. Wool was the shift commander on the 12:00 midnight to 8:00 a. m. watch; that he punched in at 12:04 a. m. in civilian clothes; that he went home; that he did not notify any superior officers, but did notify subordinates that he was available in case he was needed; that he returned to his job at 2:00 a. m. It was further stipulated that at approximately 2:20 a. m., while driving in his personal automobile, in civilian clothes, he came upon a subordinate police officer on the corner of Veterans Boulevard and Williams Boulevard. The officer was in a stopped police unit, and Wool advised the officer that he was available in case he was needed. Whereupon, Wool went home and did not return to duty for the remaining part of the shift. He did not punch out at 8:00 a. m.
*247 Evidence at the Commission hearing indicated that when defendant Wool punched in, he notified the jailer on duty, a civilian employee, that he was ill and was returning home. The jailer was not a superior officer of defendant Wool. This civilian employee testified that Wool smelled of alcohol when he reported for duty. No further testimony was elicited relative to Wool being under the influence of intoxicating liquor while on duty.
It is the contention of the Commission that the trial judge erred in setting aside its order without a finding that the Commission's action was not in good faith. A further argument advanced by the board is that LSA-R.S. 33:2501 [1] and LSA-R.S. 33:2477,[2] when read together, afford the Commission a broad scope of review of the appointing authority's orders, thereby allowing a modification of those orders, without a finding of bad faith.
The City of Kenner, on the other hand, claims the Commission's scope of review is limited to a determination of whether or not the appointing authority acted in good faith.
The matter was submitted to the trial judge on the evidence taken at the Commission's hearing and on briefs. In written reasons for setting aside the order of the Commission, the trial judge in pertinent part states:
"The Commission did not conclude that the Chief's action was either without cause, made in bad faith or unreasonable. In fact, the Commission found that Sgt. Wool was guilty of (1) willful disobedience of rules of order, (2) neglect of duty and (3) being absent from duty without permission (reference the Commission's `Findings of Fact')."
We agree with the rationale of the trial judge that absent a Commission finding of bad faith on the part of the Police Chief, the Commission is without authority to modify the Chief's actions. The Commission's scope of review, in an appeal by an employee, as set forth in LSA-R.S. *248 33:2501, is limited to a determination of whether the action taken by the appointing authority was "in good faith for cause." The Commission is not vested with the authority to modify or set aside the decision of an appointing authority merely because the Commission disagrees with that decision or finds it too harsh. Absent a finding of bad faith without cause, the Commission cannot substitute its judgment for that of the Police Chief.
In the instant case, the record simply does not support a finding that the Chief acted in bad faith. Consideration of the testimony taken at the Commission hearing leads us to a conclusion that the Commission properly found defendant guilty of willful disobedience of rules of order, neglect of duty and being absent from duty without permission.
We reject the Commission's contention that the trial judge erred in setting aside its order without a finding that the Commission's action was not in good faith. It is true that LSA-R.S. 33:2501 limits the trial court's scope of review to a determination of whether or not the Commission acted in good faith.[3] However, this limitation is not applicable when the Commission had gone beyond its scope of review. A different conclusion would lead to the illogical result that the Civil Service Commission could go beyond its scope of review as long as it acted in good faith. Clearly, this was not the intent of the Legislature. Furthermore, the Administrative Procedure Act, LSA-R.S. 49:964(G) states:
"The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
"* * *
"(2) In excess of the statutory authority of the agency;"
We conclude the Commission went beyond its statutory authorized scope of review when it modified the decision of the appointing authority without a finding of bad faith without cause. Accordingly, the trial court properly set aside and vacated the Commission order.
Finally, we reject the theory that LSA-R.S. 33:2477(4), (5) grants the Commission authority to review, modify or set aside any administrative decision affecting personnel in the classified service (without first concluding the appointing authority was not in good faith) when the Commission deems such action is "desirable or necessary in the public interest . . ."
LSA-R.S. 33:2477(4), (5) is a statute which is general in its terms and sets forth, in broad language, the duties of the board or commission, whereas LSA-R.S. 33:2501 sets forth the specific scope of review of the Commission when an employee in classified service appeals the decision of an appointing authority. When a court is confronted with the application of a general statute or a specific one, the general law must yield to the specific. See Kearns v. City of New Orleans, 160 So. 470 (La.App., Orl.1935); LeLong v. Sutherland, 134 So.2d 627 (La.App., 4th Cir. 1961).
*249 Having concluded the trial court properly set aside and vacated the decision of the Municipal Fire and Police Civil Service Commission of the City of Kenner, we affirm the judgment.
Affirmed.
NOTES
[1] LSA-R.S. 33:2501. Appeals by employees to the board

"* * * The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.
"* * * If either the appointing authority or the employee fails to appear at the place, and on the day and at the hour fixed for the hearing, the board may decide the issue involved on the basis of the evidence adduced and confined to the question of whether the action taken against the employee was made in good faith for cause set forth in the provisions of this Part. Both the employee and the appointing authority shall be afforded an opportunity to appear before the board, either in person or with counsel, and present evidence to show that the action was or was not taken in good faith for cause as set forth in the provisions of this Part. * * * If they find that the action was not taken in good faith for cause under the provisions of this Part, the board shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was removed, suspended, demoted, or discharged, which reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal, suspension, demotion, discharge, or other disciplinary action. * * *"
[2] LSA-R.S. 33:2477. Duties of the board

"The Board shall:
"* * *
"(4) Make, at the direction of the mayor, commissioner of public safety, chief of either the fire or police department, or upon the written petition of any citizen for just cause, or upon its own motion, any investigation concerning the administration of personnel or the compliance with the provisions of this Part in the said municipal fire and police services; review, and modify or set aside upon its own motion, any of its actions; take any other action which it determines to be desirable or necessary in the public interest, or to carry out effectively the provisions and purposes of this Part.
"(5) Conduct investigations and pass upon complaints by or against any officer or employee in the classified service for the purpose of demotion, reduction in position or abolition thereof, suspension or dismissal of the officer or employee, in accordance with the provisions of this Part."
[3] LSA-R.S. 33:2501, providing for judicial review, in pertinent part states:

"* * * This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled. * * * This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds."
Identical language is found in LSA-Const. art. 14:15.1(31).