448 So.2d 166 (1984)
CITY OF WESTWEGO
v.
Gary McKEE, Westwego Municipal Fire and Police Civil Service Board.
No. 83-CA-630.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
Rehearing Denied April 17, 1984.
Cyril H. Reisgen, Jr., New Orleans, and Michael F. Barry, New Orleans, for defendants-appellants.
Gerald Arceneaux, Westwego, for plaintiff-appellee.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
This is a civil service appeal. It involves an appeal by the Westwego Municipal Fire and Police Civil Service Board from a decision of the District Court reinstating the decision of the City of Westwego dismissing Police Officer, Gary McKee.
*167 The surrounding facts of this case are these. On July 13, 1982, Westwego Police Sergeant, Gary McKee was on patrol in Westwego, Louisiana when he stopped a speeding vehicle driven by Suzanne Dubois with guest passenger, Agnes Palermo.
After stopping in a parking lot, Dubois exited her vehicle, however, was unable to produce a driver's license. Consequently, Officer McKee informed Dubois that she would have to be arrested. In response, Dubois questioned whether she could pay the fine without further complications.
Officer McKee obtained the relevant information from Dubois and discussed the amount of the traffic fine. McKee informed Dubois that the fine would be $65.00 dollars.
Dubois claims she then gave $65.00 in cash to McKee, for which McKee failed to give a receipt for the funds or to issue a traffic citation.
Shortly thereafter, Dubois filed a complaint with the Westwego Chief of Police, whereupon an investigation was conducted. Later that day, Officer Melvin Guillot, who was the relief officer for McKee discovered $65.00 cash in the same denominations as that used to pay McKee by Dubois in the police vehicle previously used by McKee.
During the investigation, all parties to this incident, namely Suzanne Dubois, Agnes Palermo, and Gary McKee were requested to submit to a polygraph examination. Dubois and Palermo consented to submit to the test and passed; however, Officer McKee refused to do so.
As a result of the investigation, the City of Westwego (the appointing authority) terminated Officer Gary McKee on July 27, 1982. McKee filed a request for a hearing to appeal his discharge to the Westwego Municipal Fire and Police Civil Service Board. The hearing was held on August 24th and 25th, 1982. The Board heard the testimony of Dubois, Palermo, Police Chief Warden and Officer Melvin Guillot, Sergeant Churcherillo (the polygraph examiner), Officer McKee and several others.
After the hearing concluded, the Board rendered its decision as follows:
... that on the basis of the evidence presented, that the appointing authority, although, perhaps acting in good faith, did not act for just cause. The burden of proof in establishing the guilt of the defendant, Gary McKee, was not established by a majority of the evidence, namely the testimony presented by complainant, Suzanna Dubois and Mrs. Agnes Palermo, as well as by the other evidence presented.
The Westwego Municipal Fire and Civil Service Board rules that the defendant, Gary McKee, be reinstated to his former position as Police Sergeant, retroactive to the date of his dismissal, with award of all back pay.
From this decision the City of Westwego appealed to the District Court. The matter was submitted to the court by the parties on the basis of the transcript of the proceeding before the Board, along with attendant exhibits.
The District Court rendered its judgment reversing the Board's order setting aside the action of the City of Westwego. In essence, the court reasoned that, inasmuch as the Board did not specifically find an absence of good faith on the part of the appointing authority, finding instead that the appointing authority "... although perhaps acting in good faith, did not act for just cause", such finding could not legally support the Board's action of reinstatement. Citing City of Kenner v. Wool, 320 So.2d 245 (La.App. 4th Cir., 1975) and City of Houma v. Houma Fire and Police Civil Service Board, 405 So.2d 1132 (La.App. 1st Cir.1981), the court reasoned that the Board's failure to find that the appointing authority's dismissal of McKee was made in bad faith (regardless of whether or not it was made "for cause") was fatal to its decision reversing the appointing authority's dismissal, in that, absent such a finding of "bad faith", the Board was powerless to review or modify the appointing authority's action.
*168 The Westwego Municipal Fire and Police Civil Service Board, seeking enforcement of its order, appealed the court's judgment.
On appeal, the Westwego Municipal Fire and Police Civil Service Board assigns the following error for our review:
The District Court erred in holding that the Civil Service Board's finding that the appointing authority, "although perhaps acting in good faith, did not act for just cause", cannot support the Board's action of reinstatement.
The District Court properly noted that absent of a finding of bad faith, the Board is without authority to modify the ruling of the appointing authority. Thus, we agree with District Court in its interpretation of the statute setting out the Board's scope of review of an action by an appointing authority.
The Westwego Municipal Fire and Police Civil Service Board does not have the authority to reverse the action of the City of Westwego unless there is a showing that the city acted in bad faith without cause. City of Kenner v. Wool, 320 So.2d 245 (La.App. 4th Cir., 1975).
The pertinent statute which establishes the standard of appealate review is found in LSA-R.S. 33:2561, which provides in its pertinent parts:
....
... The board shall have complete charge of any such hearing and investigation, and may conduct it in any manner it deems advisable, without prejudice to any person or party thereto. The procedure followed shall be informal and not necessarily bound by the legalistic rules of evidence ... After such investigation, if the evidence is conclusive, the board may affirm the action of the appointing authority. If it finds that the action was not taken in good faith for cause under the provisions of this Part, the board shall order the immediate reinstatement or re-employment of such person...
....
The above statute has been interpreted to mean that the action of the appointing authority in order to be valid, must be both "in good faith" and "for cause". The action of that authority must be set aside if it was not taken "for cause", even though it may have been taken in "good faith". Martin v. City of St. Martinville, 321 So.2d 532 (La.App. 3rd Cir. 1975). Which leads us to the principal concern throughout this matter: whether the dismissal of Officer Gary McKee was made "for cause".
It was established by the Board, that the City of Westwego "... although, perhaps acting in good faith, did not act for just cause" (emphasis ours). However, the statute does not refer to just cause, rather "for cause". We have concluded that a dismissal of a civil servant "for cause" is synomous with legal cause.
As clearly announced by our learned brothers on the Louisiana Third Circuit Court of Appeal in Martin v. City of St. Martinville, supra, Judge Hood writing for the court stated:
"that in order for the dismissal or the discipling of a tenured police officer to be valid, as being in good faith for cause under LSA-R.S. 33:2561, the dismissal or disciplinary action must be reasonably necessary for the continued efficiency of the service being rendered by the appointing authority. The evidence must show that the failure to dismiss or discipline the officer would be detrimental to the city or to the service which it is required to perform. The dismissal of such an officer cannot be said to have been made "in good faith," if the appointing authority acted arbitrarily or capriciously, or if the action taken was the result of prejudice or political expediency. His dismissal cannot be said to have been `for cause,' if the evidence fails to show that it was necessary for the discipline and efficiency of the police department, or that it was needed to avoid some detriment to that department or to the city."
*169 Our review of the evidence convinces us that the dismissal of Officer McKee was made "for cause" and that the decision of the Board reversing that dismissal by the City of Westwego was improper.
After careful review of the record, Officer McKee's conduct on the date at issue, was clearly violative of several police department rules as well as provisions falling within the ambit of LSA-R.S. 33:2560.
As per the testimony of Chief John Warden, the accepted procedure in issuing a traffic ticket for no driver's license is to bring the individual to City Hall, and call for someone to pick up the party. The officers are not to allow the individual to drive his automobile. It was also established that the officer has the discretion to allow the individual to post a bond, but, never does the officer set the fine. Likewise, in order to allow the posting of a bond, a traffic ticket must be issued and a receipt given for any money received by the officer.
In the present matter, no ticket was issued and no receipt was given. Further, the money was not turned over to the City of Westwego as required.
Clearly, such actions by Officer McKee cannot be condoned.
Such rules and regulations are designed to insure the orderly and efficient administration of the service being rendered by the police department. Clearly, the efficiency and effectiveness of the police department as well as its image in the community is severely damaged when an officer conducts himself as demonstrated here by Officer McKee.
The standard of appellate review of findings of fact in civil service cases necessarily must be the same as those which exist in regard to cases arising in the trial courts. Herbert v. Department of Police, 362 So.2d 1190 (La.App. 4th Cir.1978).
Our review of the record reveals no clear error on the part of the trial court in its conclusions. Thus, we find no evidence that the trial court manifestly erred in concluding that Officer McKee's dismissal was made in good faith and for cause.
For the reasons herein set out, the judgment appealed from is affirmed.
AFFIRMED.