BYRNES, Judge.
This is an appeal from a decision of the Civil Service Commission affirming the suspension and demotion of Officer Dwight Fernandez.
FACTS
On April 8, 1983 at approximately 8:30 a.m. Officer Dwight Fernandez, appellant herein, responded with several other officers to a call for help in the 600 block of Julia Street in New Orleans. When the officers arrived they witnessed a white male and female, both intoxicated, arguing over an envelope which allegedly contained between $500.00 and $1,200.00. The couple was later identified as Marie Kirkland and Leslie Whiteman.
When Officer Fernandez arrived at the scene he questioned a witness who stated that he saw Mr. Whiteman take some money from Ms. Kirkland. Fernandez then conducted a search of Whiteman and found an envelope containing an undetermined amount of money. He then gave the envelope to Ms. Kirkland, but did not first identify her or accurately count the contents of the envelope. However, Ms. Kirkland stated that the money was hers and Mr. Whiteman agreed.
Shortly thereafter, Mr. Whiteman began harrassing one of the other officers. Appellant then placed him under arrest and brought him into police headquarters. Whiteman was later released and alleged that when he returned to the scene of his arrest his bicycle was stolen. As a result of this incident he filed a complaint against the appellant.
After an internal investigation, appellant was suspended for thirty days and demoted from Police Officer III to Police Officer II. The internal investigation report concluded that appellant had violated Rule 4 paragraph 4, subparagraphs a,c,4,8, & 9 of the Departments regulations relative to neglect of duty by failing to file a written report; failing to preserve evidence; and failing to insure the welfare of a prisoner’s property while he was in custody.
Officer Fernandez appealed these findings to the Civil Service Commission which dismissed his appeal. This appeal followed.
ASSIGNMENT OF ERROR
Appellant contends that the Civil Service Commission erred in its determination that his actions constituted improper conduct warranting suspension and demotion.
FINDING OF MISCONDUCT
The findings of the Civil Service Commission will be upheld on appeal unless it is shown that they are arbitrary and capricious or manifestly erroneous. McGee v. Sewerage and Water Board, 396 So.2d 430 (La.App. 4th Cir.1981). In Morgan v. Chief Administrative Office, 455 So.2d 1242, 1244 (La.App. 4th Cir.1984) writ denied 459 So.2d 541 (La.1984), this Court noted that:
[The] Supreme Court in Leggett v. Northwestern State College, 242 La. 927 140 So.2d 5 (1962) held legal cause for disciplinary action to exist when the facts found by the Commission disclose that the conduct of the employee impairs the efficiency of the public service. The appropriate standard of appellate review of action by the Civil Service Commission is to determine whether the Commission’s conclusion was arbitrary or capricious; and the appointing authority must demonstrate by a preponderance of the evidence that the employee’s conduct did in fact impair the efficiency and orderly operation of the public service. Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984); Newman v. Department of Fire, 425 So.2d 753 (La.1983) (emphasis ours.)
The appointing authority must show that the misconduct or neglect of duty was sufficient to warrant the action taken. Reboul v. Department of Police, 420 So.2d 491 (La.App. 4th Cir.1982).
*470 The record shows that Police regulations require that the officer who responds first to a call has the primary responsibility for making the report. (Tr.-15) Although, there is some confusion regarding which officer(s) responded first to the call in this case, it is reasonable to infer that it was Officer Fernandez since the record shows that he was the officer who questioned the victim, perpetrator, and witnesses at the scene. (Tr.-14).
Appellant did not file or make a written report of this incident. Having found that it was reasonable to infer that appellant was the first to arrive at the scene we cannot say that the Commission was manifestly erroneous in finding that it was his responsibility to file a report.
The Commission further found that by returning the envelope to Ms. Kirkland without accurately counting its contents or positively identifying the victim/alleged owner, the appellant failed to properly preserve evidence. The money was evidence of an alleged theft from Ms. Kirkland. Ms. Kirkland clearly did not wish to press charges for the money incident. Moreover, after she stated to Officer Fernandez that the envelope and its contents belonged to her, Mr. Whiteman agreed. Under these circumstances, we do not feel that the record supports a finding that appellant failed to preserve evidence.
Finally, appellant was found to have failed to preserve the property of a prisoner while in custody. The record shows that Whiteman was arrested shortly after he harrassed other officers at the scene. At that time he was standing by a bicycle in a manner which suggested that it belonged to him. However, Officer Fernandez made no effort to determine the ownership of the bicycle when he arrested Mr. Whiteman, and so it was left at the scene. When Mr. Whiteman returned to the area after being released from custody his bicycle was missing. This evidence supports a finding that the prisoner’s property was not preserved while he was in custody.
Rule 4, section 4, of the Department’s regulations state:
RULE 4. PERFORMANCE OF DUTY
4. NEGLECT OF DUTY
A. Each member, because of his grade and assignment, is required to perform certain responsibilities. A member’s failure to properly function in either or both of these areas constitutes a neglect of duty.
C. The following acts or omissions to act, although not exhaustive, are considered neglect of duty:
4. Failing to make a written report when such is indicated;
9. Failing to insure that the health, welfare, and property of a prisoner is properly maintained while in individual custody.
Further, Rule IX, Section 1 of the City Civil Service Rules states in pertinent part:
RULE IX
DISCIPLINARY ACTIONS Section 1. MAINTAINING STANDARDS OF SERVICE
1.1 When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act it was his/her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may include one or more of the following: ...
(4) demotion to any position of a lower classification that the employee is deemed by the appointing authority and the Director to be competent to full, accompanied by a reduction in pay, which is within the salary range for the lower classification, subject to the provisions of Rule IV, Section 8, or
*471 (5)suspension without pay not exceeding one hundred twenty (120) calendar days.
Appellant failed to make a written report or to insure' the welfare of Mr. Whiteman’s property while he was in custody, both of which are required by Department regulations. Thus, the Police Department was authorized to take some disciplinary action as outlined in Civil Service Rule IX Section 1.
While we do not approve of Officer Fernandez’s conduct in this case we do not feel that his conduct was of so serious a nature as to warrant demotion. Demotion is a severe penalty which should be reserved for violations of a serious nature.
In City of Kenner v. Wool, 320 So.2d 245 (La.App. 4th Cir.1975) this court affirmed the demotion and suspension of a police officer for willful disobedience of rules, neglect of duty and being absent form duty without permission. In Wool, the evidence showed that the officer was under the influence of alcohol and would leave his post as shift commander without permission along with other violations. These actions were clearly more disruptive of effective police service than those of appellant herein. Officer Fernandez did not endanger the public by his actions or adversely effect police operations as a whole, although he clearly failed to follow department regulations. While the fact that the alleged victim recovered her property and did not wish to press charges does not excuse appellant’s failure to file a report, it does provide a basis for mitigating his punishment.
Section 4.15 of the City Civil Service Rules gives the Commission the authority to modify the disciplinary action of the appointing authority. Thus, the Commission in this case could have reduced the action taken against appellant by affirming the suspension and ordering appellant reinstated to his former position. It was arbitrarily and capricious for it not to do so.
For the foregoing reasons we affirm the general finding that appellant was guilty of misconduct except for that portion which states that he failed to preserve evidence. The 30 day suspension is affirmed and the Department is ordered to reinstate appellant to Police Officer III.
REVERSED IN PART, AFFIRMED IN PART; AND RENDERED.