543 So.2d 529 (1989)
Carolyn POLITE
v.
DEPARTMENT OF WELFARE.
No. 89-CA-0057.
Court of Appeal of Louisiana, Fourth Circuit.
April 27, 1989.
Timothy O'Dowd, O'Dowd & O'Dowd, New Orleans, for plaintiff-appellee.
Michael A. Starks, Asst. City Atty., William D. Aaron, Chief Deputy City Atty., Okla Jones, II, City Atty., New Orleans, for defendant-appellant.
Before SCHOTT, C.J. and LOBRANO and ARMSTRONG, JJ.
SCHOTT, Chief Judge.
This is an appeal by the Welfare Department of the City of New Orleans from a decision of the City Civil Service Commission reversing a decision of the Department discharging Carolyn Polite from the civil service.
Polite was a Nursing Attendant I at Touro Shakespeare Home. She was charged with intentionally striking an elderly patient in the eye at 5:30 a.m. on March 29, 1988. At the hearing before the Commission's Hearing Examiner, Polite testified that this patient, although partially paralyzed and having one leg amputated, fought with her and resisted her efforts to clean and dress him and that during her attempts to take care of him her arm slipped and struck him in the eye. Her story was fully corroborated by a nurse's aid. She also produced testimony that this patient was extremely abusive, cantankerous, *530 and difficult to manage, resisting efforts to tend to his personal needs. The record also established that Polite had an unblemished record for nine years before this incident.
The appointing authority had the burden of proof before the Commission. Constitution Art. 10, § 8(A). The Commission concluded that Polite had not intentionally struck the patient and the record supports that conclusion.
Although the Commission found that Polite did not intentionally strike the patient it concluded that she was guilty of misconduct in failing to report the incident to her superiors and on that basis it severely reprimanded her. The Department argues that this was an arbitrary substitution of a punishment by the Commission for the same offense for which the Department would discharge her but this argument misses the mark. The Department's termination letter accused her of "hitting a patient in the eye." The principal issue at the hearing was whether she intentionally struck the patient. The evidence exonerated her of abusing the patient and clearly showed that this was an unfortunate incident which in itself would not warrant termination.
However, at the hearing and in argument to this Court the Department takes the position that her failure to report the incident was in itself a serious enough infraction to warrant her termination. But this was not the reason given by the Department in its notice to her and she could not be subjected to disciplinary action except for cause expressed in writing. Constitution Art. 10, § 8(A). Consequently, even if this conduct were serious enough to warrant her dismissal this was not the cause of it as expressed in writing and cannot, after the fact, be used by the Department to support the dismissal.
Polite seeks to set aside the reprimand and to collect attorney fees under R.S. 42:1451. An appeal from a ruling by the Commission must be taken within thirty days after it becomes final. Constitution Art. 10, § 12. Polite did not take an appeal. If an appellee against whom a timely appeal has been taken desires to modify the judgment in her favor, she must file an answer to the appeal within fifteen days after the return day or the lodging of the record. C.C.P. art. 2133. Polite failed to answer the appeal.
Accordingly, the decision of the Civil Service Commission is affirmed.
AFFIRMED.