LOBRANO, Judge.
Joseph Tafaro, a police officer with the New Orleans Department of Police, appeals *459 a decision of the Civil Service Commission which affirmed his demotion from Sergeant to Police Officer I effective May 20, 1987 and his suspension for sixty working days.
On March 30, 1987, Tafaro was working a paid detail during the Final Four Basketball Series in the Louisiana Superdome. At the end of the championship game Tafaro, who had originally been assigned to the Plaza area, was assisting with crowd control trying to prevent fans from running onto the court. He went to the aid of Sergeant Elmo Boepple in escorting an arrested subject, an Indiana fan, who had run onto the floor. Tafaro grabbed the fan around the neck while Officer Boepple held him by the arm. The three began walking off the basketball court.
Scott Threlkeld, a photographer for the Times-Picayune newspaper, saw Tafaro with a headlock on the arrested fan, and thought Tafaro was being rough with the arrestee. The photographer thought the incident newsworthy and began shooting pictures. Threlkeld testified he was wearing a messenger’s pass which gave him access to the basketball court.
Tafaro approached as Threlkeld was “backpeddling” snapping photographs. According to Threlkeld, Tafaro ordered that he cease taking photographs, shoved Threlkeld aside, and continued walking toward the exit. Tafaro’s version is that Threlkeld was impeding his arrest of the Indiana fan thus his reason for moving Threlkeld aside.
Threlkeld continued to walk alongside the officers and the arrested subject, repositioned himself and continued taking photographs. According to Threlkeld, Tafaro reached out at him and shoved the camera into his face bloodying his nose. Tafaro then pushed Threlkeld to the floor and began dragging him across the floor by the camera straps.
Tafaro claims that the photographer was stationary and impeded Tafaro’s progress and arrest of the fan. He argues that the photographer was interfering with his duties, and that his hand got caught in the camera’s straps as he reached for Threl-keld.
Mr. Robert Johnson, General Manager of the Louisiana Superdome testified that he witnessed much of the incident and Threl-keld was not impeding the progress of the police officers and the arrested fan.
Further, another photographer for the Times-Picayune, Alexander Barkoff, testified that he saw Tafaro dragging Threlkeld across the basketball court toward the end-line. Barkoff took some photographs of the incident which were admitted into evidence.
Tafaro assigns as error that the judgment of the Civil Service Commission is manifestly erroneous, arbitrary and capricious and unsupported by the evidence in its finding that he was guilty of intimidation and neglect of duty. Tafaro also assigns as error that his penalty of demotion and sixty days suspension is excessive.
By judgment dated July 1, 1988, the Commission upheld the disciplinary action calling the incident “regrettable” and stating that Tafaro was responsible for causing a “black eye” to the New Orleans Police Department and the City of New Orleans.
After review of the evidence, in particular the photographs and YHS tape of the incident, we cannot say that the Commission’s decision is clearly erroneous. Although the evidence does support Tafa-ro’s claim- that there was much confusion on the floor at the end of the game, and that security had “lost control of the floor”, we are bound by the standard of review prescribed in Civil Services cases. That standard does not differ from that in other civil cases. The Commission’s determination should be affirmed unless it is manifestly erroneous or clearly wrong. Bruno v. Department of Police, 462 So.2d 139 (La.1985) cert. denied, 474 U.S. 805, 106 S.Ct. 39, 88 L.Ed.2d 32 (1985); Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984).
However, we believe that under the facts and circumstances of this case the demotion of Tafaro from Sergeant to Police Officer I was an abuse of the Commission’s discretion. At the time of this incident Tafaro had fifteen (15) years of service *460 with the New Orleans Police Department. Eleven of those years he worked crowd control at the Superdome. His record, until this incident, was unblemished. Although the evidence substantiates the charge of excessive force or intimidation in Tafaro’s actions towards Threlkeld, it also substantiates a great amount of confusion preceding the occurrence. Tafaro’s supervisor, Captain Levet, testified he ordered those officers (including Tafaro) working in the seating area down to the floor because of the apparent crowd problem. He ordered them to clear the floor. He made no exceptions for those carrying press badges. Based on those orders, Tafaro could have arrested Threlkeld for just being on the floor. Of course this fact would not justify the excessive action taken. It does, however, convince us that Tafaro’s actions were not of such a serious nature as to warrant a demotion in rank. “Demotion is a severe penalty which should be reserved for violations of a serious nature.” Fernandez v. Department of Police, 474 So.2d 468 (La.App. 4th Cir.1985) at 469. Accordingly we reverse that portion of the Civil Service decision demoting Tafaro and order that he be reinstated to his previous rank with all of the emoluments of that office. In all other respects, the judgment is affirmed. Costs of this appeal to be borne equally by all parties.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.