SCHOTT, Chief Judge,
dissenting:
The appointing authority officially notified Linda Richard of her termination as an Emergency Medical Technician-Assistant on May 16, 1989. The reasons given for the dismissal are as follows:
Your basic emergency medical training in such situations was not followed or adhered to by:
a) failing to follow established procedures for receiving, handling and/or dispatching emergency units to a 911 caller;
b) further failing to follow established procedure which is properly recording, logging and/or keeping records of all incoming 911 emergency calls;
c) failing to adequately respond to a 911 caller by asking pertinent questions, and
d) misrepresenting to the caller that (1) no emergency units were available and (2) you were unable to take him ‘because he’s a direct admit.’
[[Image here]]
Your action was not commensurate with the standards that have been established for Emergency Medical Services for the City of New Orleans.
The Civil Service Commission (Commission) modified the dismissal to a suspension. The Commission cited the reason for the dismissal as “failure to follow established procedures for receiving, handling and/or dispatching emergency units to a 911 caller.” When modifying the dismissal to a suspension, the Commission neglected to consider the other reasons that the authority listed for Richard’s dismissal.
“The legal basis for any change in a disciplinary action can only be that sufficient cause was not shown by the appointing authority. The protection of civil service employees is only against firing or other discipline without cause.” Joseph v. Department of Health, 389 So.2d 739, 741 (La.App. 4th Cir.1980).
City of Kenner v. Wool, 320 So.2d 245, 247-248 (La.App. 4th Cir.1975), set forth the standard of review for the Commission when reviewing a decision of an appointing authority:
The Commission’s scope of review, in an appeal by an employee, as set forth in LSA-R.S. 33:2501, is limited to a determination of whether the action taken by the appointing authority was ‘in good faith for cause.’ The Commission is not vested with the authority to modify or set aside the decision of an appointing authority merely because the Commission disagrees with that decision or finds it too harsh. Absent a finding of bad faith without cause, the Commission cannot substitute its judgment for that of the Police Chief.
The Commission did not find that the appointing authority acted in bad faith without cause. The Commission found that “the disciplinary action taken is considered to be excessive given the circumstances”. The Commission exceeded its authority in setting aside the decision of the appointing authority merely because it found the disciplinary action too harsh. The Commission substituted its authority for that of the appointing authority contrary to LSA-R.S. 33:2501 and City of Kenner v. Wool, supra.
The Commission’s report only notes that Richard gave the wrong operator number to the 911 caller. In addition to this inadvertent mistake, Richard failed to log the call, did not ask enough and/or pertinent *696 questions in response to the information relayed by the caller, incorrectly told the caller that it would take a while to dispatch a unit, and incorrectly told the caller that the ambulance could not take her husband since he was a "direct admit” to the detoxification center. Richard was counseled in the past for sick leave abuse, she was given a verbal warning for being discourteous and unprofessional, she was given a verbal warning for delaying in sending out units, and a fellow employee entered a verbal complaint that Richard was working under the influence of alcohol or drugs.
The transcript indicates that Richard was terminated for sufficient cause. The transcript does not support a determination that the appointing authority acted in bad faith and without cause.