593 So.2d 1352 (1992)
Kaaren MONTGOMERY
v.
DEPARTMENT OF STREETS.
No. 90-CA-1631.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1992.
*1353 Teri Fleming Love, Elie, Jones & Gray, New Orleans, for plaintiff/appellant.
Okla Jones, II, City Atty., William D. Aaron, Jr., Chief Deputy City Atty., Cheryl M. Gaines, Jay Alan Ginsberg, Asst. City Attys., New Orleans, for defendant/appellee.
Before ARMSTRONG and PLOTKIN, JJ., and GULOTTA, J. Pro Tem.
PLOTKIN, Judge.
Plaintiff Kaaren Montgomery, an Administrative Analyst for the City of New Orleans Department of Streets, appeals a City Civil Service Commission decision upholding a five-day suspension imposed by the department. We affirm.
Facts
Plaintiff's suspension was prompted by her absence from work on Thursday, November 16, 1989, Friday, November 17, 1989, Monday, November 20, 1989, and Tuesday, November 21, 1989, and the circumstances surrounding those absences. The evidence presented in the Civil Service hearing on the matter, held on March 14, 1990, reveals that Ms. Montgomery filled out her time card at the end of the day on Wednesday, November 15, 1989, indicating that she would be taking sick leave the next two days. On the next two mornings, she called the office, saying she was not coming to work because she was sick. On November 16, she talked to Tang Phan, who was her immediate supervisor's supervisor. On November 17, she again talked to Mr. Phan, who told her that her supervisor, Carlo Hernandez, was in the office. Ms. Montgomery then called Mr. Hernandez.
While talking to Mr. Phan on November 17, Ms. Montgomery requested that her annual leave be changed from Monday and Tuesday, November 27 and 28, 1989, to Monday and Tuesday, November 20 and 21, 1989. Mr. Phan told Ms. Montgomery that the change would have to be approved by the director of the department, Betty Jo Everett. Ms. Montgomery then failed to report to work on Monday and Tuesday, November 20 and 21, 1989, without getting the necessary approval from Ms. Everett.
Ms. Montgomery was notified in writing on Monday, November 27, 1989, that an administrative hearing on the matter would be held on Tuesday, November 28, 1989. Following the hearing, Ms. Everett sent Ms. Montgomery a letter, dated December 1, 1989, which stated as follows:
This is official notification of your suspension of one day for failure to follow procedures in signing your RAMS card and for misrepresentation of information on your sick leave request of November 15, 1989. You are also suspended four days for failure to follow Mr. Tang Phan's directive to get authorization from me to change your scheduled annual leave days.
Ms. Montgomery appealed her suspension to the City Civil Service Commission. *1354 An administrative hearing was conducted on March 14, 1990. The hearing was reviewed by a three-member panel, which upheld the department's five-day suspension by written decision issued June 19, 1990. In finding that the department's action was appropriate, the Commission stated as follows:
The Appointing Authority's [Board's] case rests upon the testimony of supervisors that Appellant failed, or neglected, to gain their approval, as required by known department policy, to take sick and annual leave; [sic] and that she habitually failed to follow the appropriate chain of command, thus depriving her immediate supervisor of his right to control of her work performance, some of which became delinquent.
That decision has been appealed directly to this court pursuant to La. Const. Art. 10, § 12.
Plaintiff's appeal to this court rests on two allegations: (1) that the department failed to give her proper notification of the charges against her as required by La. Const. Art. 10 § 8(A), and (2) that the Commission's judgment was contrary to the testimony presented at the hearing and thus was arbitrary, capricious, and an abuse of discretion.
Notice
La. Const. Art. 10 § 8(A) provides, in pertinent part, as follows:
Disciplinary Actions. No person who has gained permanent status in the classified state or city civil service shall be subject to disciplinary action except for cause expressed in writing.
The purpose of the notice requirement established by the above article is to inform the employee of the charges against him in detail, and to limit and restrict the commission hearing to those charges. Ellins v. Department of Health, 505 So.2d 74, 76 (La.App. 4th Cir.1987). Depending on the circumstances of the case, the employee must be informed of the time, place and nature of the alleged misconduct in sufficient detail to enable the employee to adequately prepare his defense. Department of Public Safety v. Rigby, 401 So.2d 1017, 1021 (La.App. 1st Cir.), writ denied 406 So.2d 626 (La.1981). Municipal employees may not be disciplined for reasons other than those specified in the written notice. Polite v. Department of Welfare, 543 So.2d 529, 530 (La.App. 4th Cir.1989).
In the instant case, Ms. Montgomery claims that one of the reasons for the disciplinary action taken against her was the fact that an assignment was overdue at the time of her absences. She claims that the commission improperly considered that evidence because the overdue assignment was not mentioned in the written notice apprising her of the charges against her. Thus, Ms. Montgomery claims, she was not able to prepare an adequate defense to those allegations.
The record on appeal does not contain the written notice allegedly sent to Ms. Montgomery on Monday, November 27, 1989, prior to the administrative hearing. The record does contain the letter from Ms. Everett dated December 1, 1989, in which Ms. Everett informed the plaintiff of the reasons for her suspension. That letter does not specifically refer to the overdue assignment.
Nevertheless, we find that the written notice was adequate in this case. Ms. Everett's letter specifically informed plaintiff that she was being disciplined for failure to follow established procedures relative to sick leave and annual leave. The Commission's written judgment indicates that its decision was properly based on consideration of Ms. Montgomery's actions relative to sick leave and annual leave. A review of the Commission hearing reveals that the overdue report was mentioned only once or twice during the proceedings. The Commission judgment refers to the fact that the report was overdue, but does not place any emphasis on that point. The fact that the Commission noted an additional criticism of the plaintiff's work in its judgment *1355 does not render the written notice inadequate. The reference to the overdue report was a minor and supplementary fact related to her job which lent further support to the Commission's decision that the suspension was justified. The plaintiff's arguments on this issue are without merit.
Sufficiency of the Evidence
The plaintiff also claims that the Commission's decision was arbitrary, capricious, and an abuse of discretion because it was contrary to the testimony presented at the hearing.
Under the provisions of LSA-R.S. 33:2561, classified municipal employees may be subjected to disciplinary action only if the action is taken both in good faith and for cause. City of Westwego v. McKee, 448 So.2d 166, 169 (La.App. 5th Cir.1984). The employer has the burden of proving by a preponderance of the evidence that legal cause exists for the disciplinary action imposed. Ennis v. Department of Public Safety and Corrections, 558 So.2d 617, 619 (La.App. 1st Cir.1990). To prove that legal cause for the action exists, the employer must "prove that the conduct complained of impaired the efficiency of the public service and that it bears a real and substantial relationship to the efficient operation of the public service in which the employee was engaged." Id., Newkirk v. Sewerage & Water Board, 485 So.2d 626, 627-28 (La.App. 4th Cir.), writ denied 489 So.2d 920 (La.1986). Appellate court review of an administrative disciplinary decision is limited to a determination of whether the decision was made in good faith for legal cause. City of Houma v. Houma Municipal Fire & Police Civil Service Board, 405 So.2d 1132, 1134 (La.App. 1st Cir.1981), writ denied 410 So.2d 1134 (La. 1982). Unless the record contains insufficient evidence to support the administrative decision or shows that the decision was clearly wrong, the decision must be affirmed. Id.
In the instant case, the record contains sufficient evidence to support the five-day suspension. Ms. Montgomery admitted that she filled out her RAMS card before leaving work on Wednesday, November 15, 1989, and that she represented on that card that she intended to be sick on the next two work days. At the Commission hearing, Ms. Montgomery explained that action by saying that she had a bad sinus headache and that she knew from experience that it would take at least two days for it to get better. Additionally, Ms. Montgomery admitted that she failed to obtain Ms. Everett's approval for the change in her annual leave, saying she did not feel that it was her responsibility to contact Ms. Everett. The record contains ample evidence that Ms. Montgomery took these actions in violation of departmental policy, as indicated by interoffice policy memorandums specifying the procedures for obtaining sick leave and annual leave.
The department also presented sufficient evidence to prove that Ms. Montgomery's conduct impaired the efficiency of the department since the assignment Ms. Montgomery was working on was overdue at the time of her unauthorized absences. Additionally, an employee's misrepresentation of information to obtain sick leave and failure to obtain authorization to change approved dates for annual leave obviously impairs the efficient operation of any governmental agency. Our review of the record convinces us that the disciplinary action was taken in good faith for legal cause, as required by the applicable statutes. Thus, the plaintiff's second argument is without merit.
Conclusion
For the above and foregoing reasons, the judgment of the City of New Orleans Civil Service Commission suspending plaintiff for five days is affirmed.
AFFIRMED.