KALISTE J. SALOOM, Jr., Judge Pro Tern.
This case arises out of the termination of P.F.C. Eddie McKenzie from his employment with the Abbeville Police Department by the City Council of the City of Abbeville (the Council) for insubordination to a superior officer. He appealed his termination to the Abbeville Fire and Police Civil Service Board (the Board) pursuant to LSA-R.S. 33:2561. The Board ordered the reinstatement of Officer McKenzie. The Council appealed to the trial court which reversed the decision of the Board. An appeal to this court by Officer McKenzie and the Board followed. After a careful review of the record, we affirm.
The facts giving rise to the termination are as follows: Officer McKenzie was investigating a traffic accident when he became involved in an argument with the driver of one of the vehicles over proof of insurance. Sergeant Broussard, a police officer with the Abbeville Police Department, and Officer McKenzie’s immediate superior, stopped at the accident scene and entered into a conversation with Officer McKenzie. After an exchange of words between them, Officer McKenzie became angry and allegedly threw a traffic ticket that he had written to the ground, directed curses at Sergeant Broussard and then pushed him as Officer McKenzie was about to enter his police unit.
After a predisciplinary committee hearing, recommending that Officer McKenzie be terminated, the Council did, in fact, terminate him from his position with the Police Department. The Board subsequently reinstated Officer McKenzie with full back pay. The trial court determined that the *510 Board’s decision to reinstate Officer McKenzie was not made in good faith for cause. Officer McKenzie and the Board appeal, specifying four assignments of error, to wit: (1) Whether the Civil Service Board committed manifest error in finding that the City Council did not act in good faith and for cause. (2) Whether the trial court applied an improper standard of review. (3) Whether ample evidence was presented to the Civil Service Board for it to find that appellant’s action did not warrant dismissal. (4) Whether appellant was entitled to, and received, due process of law.
Appellants argue by their first assignment of error that McKenzie should have been reinstated as the Board found that the City’s termination of him was not made in good faith for cause as required by LSA-R.S. 33:2561 which provides in pertinent part:
Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause may, within fifteen days after the action, demand in writing a hearing and investigation by the board to determine the reasonableness of the action.
[[Image here]]
[T]he board may decide the issue involved on the basis of the evidence adduced and confined to the question of whether the action taken against the employee was made in good faith for cause set forth in the provisions of this Part. Both the employee and the appointing authority shall be afforded an opportunity to appear before the board, either in person or with counsel, and present evidence to show that the action was or was not taken in good faith for cause as set forth in the provisions of this Part.
[[Image here]]
After such investigation, if the evidence is conclusive, the board may affirm the action of the appointing authority. If it finds that the action was not taken in good faith for cause under the provisions of this Part, the board shall order the immediate reinstatement or re-employment of such person in the office, place, position or employment from which he was removed, suspended, demoted or discharged, which reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal, suspension, demotion, discharge or other disciplinary action.
[[Image here]]
Any employee under classified service and any appointing authority may appeal from any decision of the board or from any action taken by the board under the provisions of the Part which is prejudicial to the employee or appointing authority.
[[Image here]]
This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds.
(Emphasis added)
Under LSA-R.S. 33:2561, the Board was limited to a determination of whether the action taken by the Council in terminating Officer McKenzie was made in good faith for cause.
At the hearing by the Board the following action was taken:
MR. CAMPBELL: We’d like to call the meeting to order again. The board, after going over the evidence and the testimony of the witnesses subpoenaed by both the City and the appointing authorities and Mr. Sandoz, we would like to take a vote now. The question that we’re going to vote on is did the City act in good faith and for cause.
All who feel that the City act in good faith and for cause signify by saying aye.
(No response.)
All who feel that PFC Eddie McKenzie should be reinstated — let me back up and say that. All those in favor of reinstating PFC Eddie McKenzie with full pay from date of termination signify by saying aye.
*511 (All board members respond.)
All opposed?
(No response.)
The trial court determined that the Board failed to make a finding of “good faith for cause” and we agree. The official transcript of the Board does not show any vote on the issue of “good faith for cause” by the Council. This is a patent error. It is clear that under LSA-R.S. 33:2561 the Board could not overrule the decision of the Council without such a finding. Martin v. City of St. Martinville, 321 So.2d 532 (La.App. 3d Cir.1975), writ denied, 325 So.2d 273 (La.1976); City of Weswego v. McKee, 448 So.2d 166 (La.App. 5th Cir.1984). Therefore, the Board erred in ordering the reinstatement of Officer McKenzie.
Appellants argue next that the trial court applied an improper standard of review. We disagree. The trial court found that the Board had failed to comply with the specific requirement of the statute and accordingly that the Board’s action was not taken in “good faith for cause”. This is precisely the standard required by LSA-R.S. 33:2561.
Next, appellants contend the Board had sufficient evidence to enable it to conclude that Officer McKenzie’s behavior did not warrant his dismissal. It is not necessary to consider this argument because the Board, as noted herein, failed to satisfy the statutory requirement of determining if the Council’s action was in “good faith for cause”. The adequacy of evidence is not an issue in the absence of such a determination. This assignment is without merit.
Finally, appellants ask that we determine whether Officer McKenzie received due process of law. The record clearly reveals that the Council followed due process requirements to the letter of the law. McKenzie was terminated only after a recommendation from a predisciplinary hearing committee. He attended this hearing with counsel. Thereafter, he appealed to the Board. After an adverse ruling by the district court, he appealed to this court. McKenzie has been afforded adequate due process. This assignment is without merit.
AFFIRMED.