| | | | |
|---|---|---|---|
| **NICOL JACKSON** | * | **NO. 2024-CA-0801** | |
| **VERSUS** | * | | |
| | | **COURT OF APPEAL** | |
| **SEWERAGE & WATER** | * | | |
| **BOARD OF NEW ORLEANS** | | **FOURTH CIRCUIT** | |
| | * | | |
| | | **STATE OF LOUISIANA** | |

* * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9403 C\W 9405
Hearing Examiner Mark Surprenant,
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Nicol Jackson
3026 Burns Street
Jefferson, LA 70121

      PRO SE PLAINTIFF/APPELLEE

Ashley Ian Smith
Darryl Harrison
Yolanda Y. Grinstead
SEWERAGE AND WATER BOARD OF NEW ORLEANS
625 St. Joseph Street, Room 201
New Orleans, LA 70165

      COUNSEL FOR DEFENDANT/APPELLANT

                            **AFFIRMED**
                          **APRIL 25, 2025**

PAB
TGC
DNA

This is an appeal from a decision rendered by the City of New Orleans Civil Service Commission (the "Commission"). Appellant, Sewerage and Water Board of New Orleans ("SWBNO"), seeks to appeal the Commission's October 3, 2024 decision (the "decision"), which granted the appeal of Appellee, Nicol Jackson ("Ms. Jackson"), and rescinded Ms. Jackson's five-day suspension without pay from her employment at SWBNO.[1] For the reasons that follow, we affirm the Commission's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

Ms. Jackson was employed by SWBNO as a utility plant worker for a period of approximately four and a half years prior to her resignation in December 2022. Specifically, she was assigned to the Sycamore Filter Gallery at the Carrollton Water Treatment Plant ("Sycamore") located in New Orleans, Louisiana. Ms. Jackson was a classified permanent or regular employee pursuant to La. Const. art. X, § 8(A) and the Commission's rules.[2] According to Ms. Jackson, her job

---

[1] Ms. Jackson, proceeding *pro se*, did not file a brief with this Court.

[2] Louisiana Constitution Article X, § 8(A) will be discussed more fully, *infra*.

New Orleans City Civil Service Rule I § 1.17 defines "classified service" as "all offices and positions of trust or employment in the city service, except those placed in the unclassified service by Section 2 of Article X of the Constitution of Louisiana."

1

responsibilities included water sampling, routine checks around the building every hour and documentation. On February 3, 2022, Ms. Jackson was scheduled to work an overnight shift at Sycamore beginning at 11:00 p.m. and ending at 7:00 a.m. on February 4, 2022, together with her coworker, Carol Carey ("Ms. Carey"). Their direct supervisor, Steven Ware ("Mr. Ware") was not present at the facility.

The record reflects that Ms. Jackson clocked out at 5:34 a.m. on February 4, 2022, which she did not dispute. When she was interviewed by security and later testifying before the Commission, Ms. Jackson explained that she was in possession of a shared vehicle with her spouse and that she left her post so she could drop him off at his job, which began at 6:00 a.m. Ms. Jackson further testified that she had informed Ms. Carey that she would be leaving early and that she believed Ms. Carey was still present at Sycamore when she left; however, the record reveals that Ms. Carey clocked out at 5:09 a.m., leaving Sycamore unattended. Additionally, Ms. Jackson explained that because she had a contentious relationship with Mr. Ware, she did not seek his or any other supervisor's permission before leaving.

Shortly thereafter, on February 10, 2022, Ms. Jackson and Ms. Carey were interviewed by Mr. Ware, Alton DeLarge, III ("Mr. DeLarge"), the Assistant Water Purification Superintendent for SWBNO, and Charles LeBlanc, Mr. Ware's supervisor. As a result of the information gathered at those interviews, Mr. DeLarge recommended that Ms. Jackson's employment be terminated. Mr.

---

New Orleans City Civil Service Rule I § 1.64 defines a "regular employee" as "an employee who has been appointed to a position in the classified service in accordance with the Law and these Rules and who has completed the working test period."

*See also* La. R.S. 33:2533(18), which provides: "'Regular employee' or 'permanent employee' means an employee who has been appointed to a position in the classified service in accordance with this Part after completing his working test period."

DeLarge testified that sometime between March and June of 2022, SWBNO security conducted an investigation into the incident at the direction of the Human Resources Department ("HR"). Pursuant to the investigation, HR suggested that a thirty-day suspension without pay was the more appropriate disciplinary action for Ms. Jackson. This was ultimately reduced to a recommendation of a five-day suspension without pay or emoluments.

A letter dated September 22, 2022, was mailed to Ms. Jackson to advise her of SWBNO's decision to suspend her for five days. The relevant portions of this letter informed Ms. Jackson:

> The purpose of this letter is to notify you that you are being suspended from the services of the Sewerage and Water Board of New Orleans (SWBNO) without pay for five (5) business working days, effective Monday, October 3-5, and 8-9, 2022, for violating SWBNO's Policy #6 Professional Conduct, Section III and CS Rule IX - Maintaining Standards of Service.
>
> Based on an interview conducted with you, May 17, 2022, and other subsequent investigations regarding this matter, the SWBNO has determined . . . that you were unwilling to perform the duties of your position in a satisfactory manner and that you demonstrated disregard for standards of service and professionalism in the workplace.
> * * *
> This suspension is in accordance with SWBNO Policy and Civil Service (CS) Rules.[3]

_____

[3] The letter included the policy and rule Ms. Jackson was determined to have violated:

> SWBNO's Policy #6 Professional Conduct, Section III
>
> *Section III    Professionalism*
>
> *While performing their duties for the Board, employees shall conduct themselves in a professional manner with the utmost concern for the dignity of the individual with whom they are interacting. Employees shall not unnecessarily inconvenience or demean an individual or otherwise act in a manner which brings discredit to the Board.*
>
> CS Rule IX, Section 1 - Disciplinary Actions, Maintaining the Standards of Service

In response to receipt of the letter, Ms. Jackson filed three separate appeals: (1) a disciplinary appeal, docketed as 9403; (2) a discrimination appeal, docketed as 9404; and (3) a "whistleblower" appeal, docketed as 9405. SWBNO filed for summary dispositions in appeals 9404 and 9405. On January 12, 2023, the Commission granted summary disposition in favor of SWBNO as to appeal 9404, finding it had been untimely filed, but allowed appeal 9405 to proceed.[4]

Eleven months later, a hearing was held to determine the merits of appeals 9403 and 9405. Ms. Jackson appeared *pro se* along with three other witnesses— Mr. DeLarge, Kimberly Batiste, SWBNO's Employee Relations Manager, and Chad Lavoie, SWBNO's Water Purification Superintendent. At the conclusion of the hearing, the hearing examiner informed Ms. Jackson that he would be preparing a report, which would be submitted to a three-member panel of the Commission who would ultimately render a decision. The Commission issued its decision on October 3, 2024, which was consistent with the findings of the hearing examiner's report. The Commission held that the disciplinary letter received by Ms. Jackson failed to comply with the written notice requirements found in Civil Service Rule IX § 1.3 and La. Const. art. X, § 8(A).[5] The Commission also noted

---

*Sec 1.1 When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act it was his/her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may include one or more of the following:*

*(e) suspension without pay not exceeding one hundred twenty (120) calendar days.*

[4] In appeal 9404, the Commission also determined that Ms. Jackson's assertion of retaliation for complaints of sex discrimination was not authorized under the Louisiana Constitution or the civil service rules; therefore, the Commission lacked jurisdiction to hear that complaint.

that in both Ms. Carey's and Ms. Jackson's hearings there was discussion and evidence presented related to potential falsification of records by both employees. As a result, the Commission rescinded Ms. Jackson's suspension and ordered SWBNO to reimburse Ms. Jackson's lost wages and emoluments for five days.[6] This appeal followed.

## DISCUSSION

In this appeal, SWBNO assigns two errors to the Commission's decision: (1) the Commission erred when it granted the appeal by Ms. Jackson, reversing a five-day suspension and ordering the return of backpay and emoluments; and (2) the Commission erred when it found SWBNO's Notice of Discipline to be insufficient despite there being no violation of Ms. Jackson's due process rights. Because these matters are intertwined, we will discuss them together.

Louisiana Constitution Article X, §§ 8 & 12 and Civil Service Rule II, § 4.1 confer the right of appeal to a civil service employee who has been the recipient of a disciplinary action.[7] "On appeal, the appointing authority 'must prove by a

---

[5] New Orleans City Civil Service Rule IX § 1.3 and La. Const. art. X, § 8(A) will be discussed more fully, *infra*.

[6] In its decision, the Commission also noted that it did not consider Ms. Jackson's whistleblower appeal—appeal 9405—since it had granted her appeal on other grounds.

[7] Louisiana Constitution Article 10, § 12(B), pertaining to city civil service commissions, provides:

> Each city commission established by Part I of this Article shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.

The City of New Orleans Civil Service Commission was created pursuant to La. Const. art. 10 § 4(B), which establishes:

5

preponderance of the evidence good or lawful cause for taking disciplinary action.'" *Hardy v. Juv. Just. Intervention Ctr.*, 21-0715, p. 3 (La. App. 4 Cir. 6/15/22), 342 So.3d 1076, 1079 (quoting *Honore' v. Dep't. of Pub. Works*, 14-0986, p. 8 (La. App. 4 Cir. 10/29/15), 178 So.3d 1120, 1127). "The Commission must decide independently from the facts presented whether the appointing authority had legal cause for taking the disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction." *Id.* (citation omitted). "Appellate courts reviewing civil service disciplinary cases are presented with a multifaceted review function." *Id.* at p. 4, 342 So.3d at 1079 (quoting *Mathieu v. New Orleans Pub. Lib.*, 09-2746, p. 5 (La. 10/19/10), 50 So.3d 1259, 1262). "Initially, deference should be given to the factual conclusions of the [Commission]." *Id.*

"A reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review." *Id.* "Then, the court must evaluate the [C]ommission's imposition of a particular disciplinary action to determine if it is both based on legal cause and is commensurate with the infraction; the court should not modify the [C]ommission's order unless it is arbitrary, capricious, or characterized by abuse of discretion." *Id.* at p. 4, 342 So.3d 1079-80 (quoting

In New Orleans, the presidents of Dillard University, Loyola University, Tulane University of Louisiana, and Xavier University, after giving consideration to representation of all groups, each shall nominate three persons. In addition, the employees in the classified service of the city of New Orleans shall nominate three persons in the classified service of the city of New Orleans by means of an election called for that purpose. The municipal governing authority shall appoint one member of the commission from the three persons nominated by each nominating authority.

New Orleans City Civil Service Rule II, § 4.1 provides, in part:

Regular employees in the classified service shall have the right to appeal disciplinary actions to the Commission, including dismissal, involuntary retirement, demotion, suspension, fine, reduction in pay, or letters of reprimand as defined in Rule I.

6

*Mathieu*, 09-2746, p. 5, 50 So.3d at 1262-63). "'Arbitrary or capricious' means the absence of a rational basis for the action taken; 'abuse of discretion' generally results from a conclusion reached capriciously or in an arbitrary manner." *Id.* (internal citation omitted) (quoting *Mathieu*, 09-2746, pp. 5-6, 50 So.3d at 1263).

New Orleans City Civil Service Rule IX § 1.3 directs:

> In every case of termination, suspension, reduction in pay, letter of reprimand, or fine of any employee in the classified service or of involuntary retirement or demotion of the employee, within five (5) working days of the effective date of the action, the appointing authority shall furnish the employee and the Personnel Director a statement in writing of the reasons therefore. The notification also must advise the employee of the possible right of appeal, which must be exercised within thirty (30) calendar days of the date of the disciplinary letter.

Similarly, La. Const. art. X, § 8(A) instructs:

> No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority.

The underlying facts of this case are not in dispute. Ms. Jackson, a permanent employee of SWBNO, left her post unattended and later received a disciplinary letter informing her that she would be suspended for five days without pay and emoluments. Thus, we find the only question confronting this Court is whether the Commission was arbitrary and capricious or abused its discretion when it determined that the disciplinary letter did not provide a sufficient reason or notice for the discipline.

We recognize the gravity of the potential harm that could have followed from Ms. Jackson's actions. However, we are compelled to consider the competing due process issues that exist in disciplinary matters pertaining to any

classified permanent civil service employee. This is because "civil service employment is a property right and in order for an employee to get the benefit of that right, the notice [of a disciplinary action] 'must be extended at a meaningful time and in a meaningful manner.'" *Desdunes v. Sewerage & Water Bd. of New Orleans*, 24-0424, p. 11 (La. App. 4 Cir. 3/27/25), ___ So.3d ___, ___, 2025 WL 926183, at *5 (quoting *Moore v. Ware*, 01-3341, p. 13 (La. 2/25/03), 839 So.2d 940, 949).

As it pertains to the disciplinary letter, we note that while the letter included the SWBNO Policy and Civil Service Rule that Ms. Jackson was alleged to have violated, it does not elucidate what specific offense or on what specific date she committed a violation of either of those. We noted previously in this opinion, there was discussion and evidence presented at the hearing related to potential falsification of records by Ms. Jackson. This is pivotal because, as the Commission explained in its decision, hearing officers appointed by the Commission limit evidence at the hearing to the reasons for discipline contained in the disciplinary letter. *See Montgomery v. Dep't of Streets*, 593 So.2d 1352, 1354 (La. App. 4th Cir. 1992) (where this Court explained that "the notice requirement established by [La. Const. art. 10 § 8(A)] is to inform the employee of the charges against him in detail, and to limit and restrict the [C]ommission hearing to those charges." (citing *Ellins v. Dep't of Health*, 505 So.2d 74, 76 (La. App. 4th Cir. 1987))). Furthermore, "'[t]he purpose of requiring cause expressed in writing is to apprise the employee in detail of the grounds upon which the dismissal is based and to limit any subsequent proceedings to the stated grounds.'" *Perry v. City of New Orleans*, 11-0901, p. 8 (La. App. 4 Cir. 2/1/12), 104 So.3d 453, 457 (quoting *Allen v. Dep't of Police*, 09-0589, pp. 3-4 (La. App. 4 Cir. 11/12/09), 25 So.3d 966, 969).

*See also Matusoff v. Dep't of Fire*, 19-0932, p. 6 (La. App. 4 Cir. 5/20/20), 364 So.3d 240, 244, *writ denied*, 20-00955 (La. 10/20/20), 303 So.3d 313 (wherein this Court held that "[t]he Commission was also arbitrary and capricious and abused its discretion when it upheld Mr. Matusoff's termination for reasons not contained in the termination letter."). Considering the law applied to the facts of the matter before us, we cannot say that the Commission was arbitrary or capricious or abused its discretion when it found that the disciplinary letter sent to Ms. Jackson failed to sufficiently apprise Ms. Jackson of the conduct for which she was being disciplined.

## DECREE

For the foregoing reasons, we affirm the Commission's October 3, 2024 decision.

**AFFIRMED**

9