432 So.2d 971 (1983)
CITY OF KENNER
v.
Thomas PRITCHETT and Municipal Fire and Police Civil Service Commission of the City of Kenner.
No. 82-CA-247.
Court of Appeal of Louisiana, Fifth Circuit.
May 17, 1983.
*972 Steven V. Vallot, Kenner, for defendant-appellant.
Philip J. Boudousque, New Orleans, for plaintiff-appellee.
Before KLIEBERT, CURRAULT and DUFRESNE, JJ.
CURRAULT, Judge.
This matter comes before the court on appeal by Patrolman Thomas Pritchett from a judgment of the Twenty-Fourth Judicial District Court terminating Patrolman Pritchett's employment with the Kenner Police Department for violating departmental rules.
On Friday, March 27, 1981, at approximately 5:15 a.m., a unit assigned to Officer Pritchett was observed by Sergeant Louis Turner parked near Tube Supply Company in a remote location just off Airline Highway in Kenner. After viewing what appeared to be Officer Pritchett sleeping, Sergeant Turner contacted his superior Lieutenant Sal Ciravola. After Ciravola arrived on the scene, both men approached Officer Pritchett's vehicle. Officer Pritchett was awakened, questioned and ordered to complete his tour of duty. Officer Pritchett went off duty at approximately 7:00 a.m. and returned home. Lieutenant Ciravola completed his report and gave it to his superior, Captain Joseph Mumphrey, who in turn brought the matter to the attention of Police Chief Lentini.
Officer Pritchett was summoned to appear in Captain Mumphrey's office that afternoon. At approximately 6:00 p.m. on the same day the incident occurred, Officer Pritchett appeared before Captain Mumphrey and was informed by Mumphrey that he was being terminated immediately by order of Police Chief Lentini. The following Monday, March 30, 1981, Officer Pritchett received written notification of his termination.
Officer Pritchett filed an appeal with the City of Kenner Municipal Fire and Police Civil Service Board and on June 15, 1981, an evidentiary hearing was held.
The Board rendered a decision setting aside the dismissal and ordered instead a *973 ninety (90) working day suspension without pay. The Commission opined that the appointing authority did not act in good faith; that the dismissal was discriminatory based upon Officer Pritchett's five-year performance as a police officer and that all previous dismissals for a similar offense were based upon personnel in temporary or probational periods of employment.
The City of Kenner, as the governing authority, appealed the decision of the Civil Service Commission to the Twenty-Fourth Judicial District Court. The trial court rendered judgment on June 21, 1982, concluding that the Commission was manifestly erroneous in finding the appointing authority (Chief of Police) acted in bad faith. The trial court was of the opinion that the record simply did not support a finding that the Chief of Police acted in bad faith and, accordingly, vacated and set aside the decision of the Commission and reinstated the disciplinary action taken by the City of Kenner through its chief of police. The matter is now before this court on appeal by Officer Pritchett.
A civil service employee is afforded protection in disciplinary actions through La. Const. Art. 10 § 8(A).
"No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing."
This constitutional protection is only against firing (or other discipline) without cause. Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.1978). Legal cause defined by our Supreme Court in Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5, 9 (1962) is as follows:
"Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service."
Additionally, the burden of proving legal cause before the Commission is upon the appointing authority. Reboul v. Department of Police, 420 So.2d 491 (La.App. 4th Cir.1982).
Accordingly, if the appointing authority can prove that the conduct of an employee who has gained permanent status in the classified state or city service impairs the efficiency of the public service, then cause is established and there is no constitutional protection for that employee if he is so informed in writing of the cause for his disciplinary action.
When the Commission conducts a hearing and takes evidence, the general rule of appellate review regarding rulings of the Civil Service Commission is essentially the same as that which exists in judicial review. Our court must determine if the Commission's findings are manifestly erroneous (clearly wrong) or arbitrary or capricious. Newman v. Department of Fire, 425 So.2d 753 (La.1983); cf. LSA-R.S. 49:964(G)[1]. We are of the opinion that the appointing authority demonstrated that the conduct of Officer Pritchett did, in fact, impair the efficiency and orderly operation of the police department.
It was unquestionably shown at the Commission's hearing that Officer Pritchett was asleep on duty. He himself admitted to that. We are in agreement with the conclusion *974 reached by the trial judge that the Commission felt the officer was guilty of willful disobedience of departmental rules; otherwise, it would not have ordered a ninety (90) working day suspension without pay. Further, we agree with the trial judge's conclusion that apparently the Commission's disagreement was with the nature of the penalty imposed, not whether the officer was guilty.
The Commission has an obligation to uphold the disciplinary action of the appointing authority when there is sufficient cause shown to sustain such action. Joseph v. Dept. of Health, 389 So.2d 739 (La.App. 4th Cir.1980). However, the Commission's authority to "hear and decide" disciplinary cases includes authority to modify (reduce) as well as to reverse or affirm a penalty. Branighan, supra.
There is no question that conduct by an employee which impairs the orderly operation of a public service can be grounds for disciplinary action, such as dismissal. An employee's conduct in a particular department is a vital part in maintaining that department so that it can properly provide service to the public. Accordingly, supervisors are granted much latitude when exercising control over employees within their jurisdiction. Marinovic v. New Orleans Police Dept., 422 So.2d 226 (La.App. 4th Cir. 1982).
Appellant has argued that the appointing authority acted in bad faith in that the penalty he received was discriminatory as other officers disciplined for sleeping on duty were only suspended while he was the first to be terminated. A chief of police, charged with the operation of running his department, must do so to the best of his ability. He has the discretion to take disciplinary actions when there exists sufficient cause for such action and, accordingly, is answerable for departmental actions. Reboul, supra. Because an officer is the first to be terminated for violation of departmental rules does not alone constitute bad faith. To hold that the appointing authority acted in bad faith would in effect tie the hands of the chief of police (or supervisor) in such matters. However, each case is subject to the scrutiny of appellate review and must be decided according to the particular facts of that case.
We conclude that the Commission's ruling that the police chief acted in bad faith in dismissing Officer Pritchett was incorrect. Officer Pritchett confessed he was asleep while on duty and further agreed that had a crime occurred in front of him, he would not have been aware of it. In failing to maintain an alert and observant lookout while on duty, Officer Pritchett has breached a responsibility he owed to himself, his department, but most importantly, one he owed to the public whom he serves.
Appellant additionally argues that he was not afforded any due process protection in that an Internal Affairs investigation was never conducted. After careful and attentive consideration to the rules governing disciplinary actions, we find that such investigation by the Internal Affairs Division is wholly at the discretion of the chief of police and will not be undertaken unless special circumstances require it.[2]
Accordingly, for the above stated reasons, the decision of the trial court reinstating the disciplinary action taken by the City of Kenner through its chief of police dismissing Officer Pritchett is hereby affirmed, with costs to be paid by appellant.
AFFIRMED.
NOTES
[1] G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by first hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
[2] Disciplinary investigations I5a:

The Internal Affairs Division functions in a staff capacity to and under the direct supervision of the Chief. It coordinates and exercises staff supervision on behalf of the Chief over investigations of complaints or allegations of misconduct against members of the Department. Since discipline is a function of command, the responsibility for the conduct of such investigations rests within the normal chain of command and will not be assumed by the Internal Affairs Division unless special circumstances require it; and
I5b9:
Will conduct investigations at the discretion of the Chief.