499 So.2d 1177 (1986)
APPOINTING AUTHORITY, CHIEF OF POLICE FOR the CITY OF KENNER, Salvador J. Lentini
v.
Paul TRIPPI, Shirley Mason, Michael Barbot and Anthony Marino.
No. 86-CA-351.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1986.
Rehearing Denied January 16, 1987.
Writ Denied March 13, 1987.
*1178 Ammon L. Miller, Jr., New Orleans, for defendants/appellants.
William P. Connick, Hall, Lentini, Mouledoux & Wimberly, Metairie, for plaintiff/appellee.
*1179 Before BOWES, GAUDIN and GRISBAUM, JJ.
BOWES, Judge.
This matter comes before this court on appeal from a judgment of the Twenty-Fourth Judicial District Court terminating the employment of appellants with the Kenner Police Department for violating departmental rules thus reversing the ruling of the City of Kenner Municipal Fire and Police Civil Service Board. We affirm.
Appellants, Paul Trippi, Shirley Mason, Michael Barbot and Anthony Marino, are accused of leaving their duty stations before the designated quitting time, falsifying daily activity sheets and public payroll records, and conspiring with another officer to punch out their time cards on March 30, 1985. Evidence of these actions was presented to the appointing authority, Salvador J. Lentini, Chief of Police for the City of Kenner, by the Internal Affairs Division of the Kenner Police Department. On April 12, 1985, Lentini, by written communication, terminated the employment of the appellants for violating the following "Rules For The Administration of The Department of Police": Article 26, Personal Conduct; Article 27, Adherence to Law; Article 52, Instructions from Authoritative Source; Article 53, Neglect of Duty; Article 65, Devoting Entire Time to Duty; Article 66, Ceasing to Perform Before End of Duty; Article 84, False or Inaccurate Reports.
Appellants appealed their dismissal to the City of Kenner Municipal Fire and Police Civil Service Board (Board). On August 15, 1985, the Board rendered a decision finding that the Appointing Authority had cause for the disciplinary action taken against the appellants. This holding was based on the finding of the Board that the appellants did in fact violate Articles 26, 52, 53, 65, 66 and 84, but the Board concluded that Article 27 was not violated as the Board "found no law involved." However, the Board held that the dismissal action was not taken in good faith. This holding was based on Memorandum XXXXX-XXX issued by the Appointing Authority (Chief Sal Lentini). The Board then amended the dismissal action against the appellants and ordered instead that the appellants be suspended for eight (8) hours and reinstated with pay.
Lentini refused to allow the appellants to return to work and filed a Writ of Certiorari with the Twenty-Fourth Judicial District Court on September 9, 1985. The matter was heard by the district court on November 6, 1985. Judgment was rendered on February 26, 1986, reversing the decision of the Board. The District Court held the Board "... was manifestly erroneous in view of the reliable, probative and substantial evidence of the whole record." From that decision, appellants appeal.
Appellants present two assignments of error:
1. Appellants' termination from their employment was ended when the Civil Service Board, relying on the Appointing Authority's rule, ordered them returned to duty. In doing so, the Board properly exercised its discretion by interpreting that rule consistently with facts and evidence presented. It was error for the trial court to find otherwise.
2. Appellants' actions were penalized by involuntary forfeiture of salary for an eight-hour pay period. However, the sanction actually imposed by the Appointing Authority was dismissal from employment. It was error for the trial judge to condone this inconsistency in blatant disrespect for the realm of authority held by the Civil Service Board.
Appellants first assignment of error is based on the contention that the dismissal must be reasonably necessary for the continued efficiency of service and the evidence must show that failure to dismiss would have been detrimental to the department.
A civil service employee is afforded protection in disciplinary actions through La. Const. Art. 10 Sec. 8(A) which states in *1180 pertinent part: "No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing." The protection granted by the Louisiana Constitution is only against firing or other discipline without cause. City of Kenner v. Pritchett, 432 So.2d 971 (La. App. 5th Cir.1983); Reboul v. Department of Police, 420 So.2d 491 (La.App. 4th Cir. 1982); Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.1978), writ denied 365 So.2d 247 (La.1978).
This Court in a previous opinion concluded that a dismissal of a civil servant "for cause" is synonymous with legal cause. City of Westwego v. McKee, 448 So.2d 166 (La.App. 5th Cir.1984). The Louisiana Supreme Court defined legal cause in Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962).
"Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service."
The burden of proving legal cause before the Commission shall be on the appointing authority. City of Kenner v. Pritchett, supra; and Reboul v. Department of Police, supra. Thus, the appointing authority must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. Newman v. Department of Fire, 425 So.2d 753 (La.1983). If this is proven, then cause is established and there is no constitutional protection for that employee if he is so informed in writing of the cause for his disciplinary action. City of Kenner v. Pritchett, supra.
In the instant case, it was the duty of the Board to decide whether the appointing authority had good or lawful cause for taking disciplinary action, and, if so, whether the punishment imposed was commensurate with the dereliction. Guillory v. Dept. of Transp. & Devel, Etc., 475 So.2d 368 (La.App. 1st Cir.1985). When the Board conducts a hearing and takes evidence, the general rule of appellate review regarding rulings of a Civil Service Commission is essentially the same as that which exists in judicial review (of appeals from decisions of the district courts). City of Kenner v. Pritchett, supra. The appropriate standard of review by this court is to determine whether the conclusions reached by the Board and the district court, which reviewed the Board's findings on a writ of certiorari, are manifestly erroneous or arbitrary or capricious. Newman v. Department of Fire, supra; and City of Kenner v. Pritchett, supra.
The Board has an obligation to uphold the disciplinary action of the appointing authority if there is sufficient cause shown to sustain such an action. Marinovic v. New Orleans Police Department, 422 So.2d 226 (La.App. 4th Cir.1982); Joseph v. Department of Health, 389 So.2d 739 (La.App. 4th Cir.1980). The Board's Findings of Fact, in the August 15, 1985 decision, included the following ruling:
"It is the opinion of the Civil Service Board that the Appointing Authority had cause for the disciplinary action of Sergeant Paul Trippi, Officer Shirley Mason, Officer Michael Barbot, and Officer Anthony Marino. The Appointing Authority showed that Sergeant Trippi, Officer Mason, Officer Barbot, and Officer Marino knowingly did leave their designated duty station without punching their time cards out, and did knowingly leave their designated duty station, New Orleans International Airport, prior to their designated quitting time, namely 4:00 p.m. As such, the Appointing Authority justifiably upheld their responsibility to citizens of the City of Kenner and the City of New Orleans in issuing the disciplinary action for failure to punch time cards have [sic] previously made arrangement for another officer [to] punch time cards and left prior to his/her tour of duty."
Based on these findings, the Board found the appellants did violate the enumerated articles listed above. We agree *1181 with this finding of the Board. It is clear from a careful reading of the Board's decision that their ruling was made after careful consideration of all the facts presented in the case. The District Court also found this portion of the Board's decision to be correct and rendered the following reasons:
The officers conspired to leave their posts early, without notification to their rank, to cover up their unauthorized absence and to falsify records.
However, the district judge further stated:
This fraud and absence from their posts constitutes a grave violation of their duties and responsibilities and the Appointing Authority was warranted in its decision to terminate their employment.
We note with perplexity that none of the appellants would answer questions regarding the incident in question or their knowledge of proper time and procedures before the Board. When asked any questions which touched on these subjects, three of the appellants declined to answer because they might incriminate themselves and took refuge under the Fifth Amendment. The fourth appellant simply stipulated to the facts charged against him. Whereas we hasten to recognize that this is the right of appellants under the Constitution, such action is certainly not persuasive to their case as plaintiffs. Due to their disinclination to testify before the Board, the only testimony we have to review is that of other interested parties. In evaluating the evidence, the trier of fact should accept as true the uncontradicted testimony of a witness, even though the witness is a party, where the record indicates no sound reason for its rejection. Robertson v. Scanio Produce, 449 So.2d 459 (La.1984).
The Chief of Police is charged with the operation of the Police Department and it is his duty to operate the department efficiently and exercise discretion in relation to disciplining his officers. The Civil Service Board is not charged with exercising that discretion. Branighan v. Department of Police, supra. Included in the duties of the Chief of Police is the discretion to take the proper disciplinary action when there exists sufficient cause. He also has the burden of proving such cause. Reboul v. Department of Police, supra. We are of the opinion that the Chief of Police demonstrated, by a preponderance of the evidence, as discussed hereinafter, that the conduct of the appellants did, in fact, impair the efficiency and orderly operation of the police department.
From the testimony that was presented in the instant case, it was shown that the appellants did leave their duty stations before the designated quitting time, falsified daily activity sheets and public payroll records, and conspired with another officer to punch out their time cards. Although the period of time in question was of short duration, we are cognizant that the duties of a police officer are of vital importance to our community. It was admitted at the Board hearing that by virtue of their positions as officers, the appellants were "on call" twenty-four hours a day. When considering the magnitude of the importance for public safety at an international airport in these times, and in view of recent events occurring at airports around the world, we are mindful that the lack of adequate police protection for any increment of time could mean the allowing or preventing of a catastrophic situation involving great violence and literally the difference between life and death for many people.
These appellants were supposed to be on duty until 4:00 p.m., even though it was determined they were not required to be at a "post" during those last few minutes of their duty if they had been properly relieved by someone else. They should have been waiting in the roll-call room until time for dismissal. Chief Lentini forcefully testified about how important it is for him (and other superior officers) to know that if officers are assigned to a particular shift of duty, they could be called upon at any time during that shift. Their superiors and colleagues had a right to be able to count on this additional personnel being available in the event of an emergency.
*1182 Accordingly, we find that the learned district court judge did not err in his judgment which stated that, although the Board's factual findings were correct, their inference, conclusions and decisions were manifestly erroneous. We agree that there was cause for the disciplinary action. This assignment lacks merit.
The appellants' second assignment of error is based on the contention that the Appointing Authority acted impermissibly beyond the scope of its own rules thus resulting in bad faith in terminating the appellants.
Although the Board found the Appointing Authority had cause for the disciplinary action against the appellants, the Board held that the action was not taken in good faith in their termination. This holding was based on interpretation by the Board Members of Memorandum XXXXX-XXX, which was issued by Lentini to all police personnel on March 26, 1985, that states in pertinent part:
Please be advised, effective this date, all time cards must show the hour punched in and the hour punched out. Also the TIME BOOK must show your signature by your assignment and time recorded in and time recorded out.

If you fail to punch time card as indicated above, you are to bring your time card to Capt. Ciravola for verification of time for payroll.
At the Airport, you are to bring your time card to Lt. Turner for verification of time for payroll. He in turn will notify payroll of failure to punch in and out, and/or sign in and out.
Failure to follow these rules will result in loss of pay for the days that are questionable.
If there are any questions on this new procedure, you are to see Capt. Ciravola for clarification. [emphasis supplied]
The Board stated in its decision:
"The Appointing Authority recognized their responsibility to issue disciplinary action concerning falsifying time report [sic] by issuing memorandum # XXXXX-XXX."
As a result of this interpretation, the Board amended the dismissal of the appellants to eight (8) hours suspension without pay.
A careful review of the entire record reveals that Chief Lentini made several verbal statements to his staff on the policy regarding time card procedures. He testified that the officers were warned of the harsh consequences that would result for the act of punching in or out someone else's time card. In addition to the verbal statements, as early as January, 1981, a memorandum was sent to all police personnel "Road" which stated in pertinent part:
"No one is to punch in or out, or sign in or out, for another person. To do so could result in termination of both parties involved." [emphasis added]
Even if, as argued by appellants' counsel at the Board hearing, this memorandum only applies to "Road" personnel (i.e., police officers assigned to police car units for street duty), the same principle would logically apply to all police personnel. It is incongruous and illogical to think that a different policy on time clock procedures would logically apply to officers assigned to airport or other duty. Certainly, no distinction is pointed out in this memorandum and we believe the word "Road" is unduly emphasized by appellants in an attempt to strengthen their case.
Reinforcing our opinion is the fact that in the record there is a written communication apparently addressing all personnel regarding holidays, sick leave, proper time and procedures, etc. One portion of the communication refers to "Time Keeping  Road Personnel" and includes the identical language pertaining to time card procedure and sanctions as the January 1981 memorandum. Near the bottom of the communication, it states in pertinent part:
TIMEKEEPINGAIRPORT PERSONNEL: All police personnel must punch the time clock when reporting for duty and must punch the "IN" time sheet and the "OUT" time sheet, recording the exact time as on the time cards. Anyone not reporting for duty at the beginning *1183 of his assigned work day will be considered late and will be docked. No one is to punch in or out, or sign in or out for another person. To do so will result in termination. [This last emphasis ours]
Thus it certainly appears that termination is an advertised sanction which applied to airport personnel, as well as road and other police personnel. This is in keeping with the testimony before the Board of Chief Lentini and others.
Our perusal of Memorandum XXXXX-XXX indicates that this memorandum was written for an entirely different purpose than the one offered by the Board. In our view, the Board incorrectly interprets this memorandum to apply to a disciplinary situation concerning "falsifying" time reports. We are of the opinion that Memorandum XXXXX-XXX clearly pertains to a situation in which an officer inadvertently fails to properly punch in or out on a time card. The memorandum is devoid of any reference to activities similar to those for which the appellants were terminated.
Since we find that Memorandum XXXXX-XXX does not apply to the circumstances involved in this case, we hold that the Appointing Authority did not lack good faith. It was shown that these officers did, in fact, leave their designated duty station before the designated quitting time, falsify daily activity sheets and public payroll records, and conspire with another officer to punch out their time cards. These activities go far beyond the contents and intentions of Memorandum # XXXXX-XXX. In failing to remain on duty for the entire time as required, the appellants breached a responsibility owed to themselves, and their department, but, most importantly, one they owed to the public whom they serve.
We recognize that termination is a very severe form of disciplinary action, but it is not our function to prescribe rules and regulations for the Kenner Police Department. The Chief of Police is charged with the proper operations of his department and must do so to the best of his ability. City of Kenner v. Pritchett, supra; and we are prohibited from substituting our judgment for his. The Chief of Police may, within the proper exercise of sound discretion, dismiss or discipline an employee for sufficient cause. Joseph v. Department of Health, supra.
For the above reasons, we conclude that the Board's ruling that the Appointing Authority acted in bad faith in dismissing the appellants is incorrect and manifestly erroneous and the judgment of the district court reversing that decision is correct. Accordingly, the decision of the Twenty-Fourth Judicial District Court reinstating the disciplinary action taken by the Appointing Authority dismissing the appellants is hereby affirmed, with costs to be paid by appellants.
AFFIRMED.