jiCANNELLA, Judge.
In this civil service disciplinary case, plaintiff, Arthur Green (Green), appeals from the civil service commission order which upheld his dismissal from the sewerage department of the Jefferson Parish Department of Public Works (JPDS). For the reasons which follow, we reverse.
On April 23, 1992, Green received a certified letter, informing him that his employment with JPDS was terminated effective April 21, 1992. The letter, signed by Dennis P. Butler as director of the Department of Sewerage, gave the reasons for his termination as receipt of two succeeding “unsatisfactory” service ratings, one on January 22, 1992 for attendance and one on April 21,1992 for threatening a fellow employee. Green filed a petition for appeal and a hearing was conducted before the Jefferson Parish Personnel Board hearing officer.
The testimony and evidence produced at trial indicate that Green is 34 years old and has been employed by JPDS since May 4, 1981. He began as a laborer and worked his way up to a truck ^driver. There was no problem with his work. To the contrary, it has often been described by his supervisors as excellent. However, he had a problem with getting to work on time, testifying that it is often due to his children’s illnesses. He stated that he has two children with breathing disorders, one who has asthma and they must often be hospitalized. Sometimes he is late for work because, after staying with his children in charity hospital over night, he encounters traffic problems getting back across the river to work. Several leave authorizations in the record confirmed Green’s absences because of his children’s illnesses. Because of these late arrivals, when Green was evaluated on January 27, 1992, he received an “unsatisfactory” rating in the attendance section of the evaluation. The comments to that report provide in pertinent part:
Mr. Green does excellent work as a truck driver I. with the sewerage department line crew. But he have [sic] a problem getting to work on time. Mr. Green have being [sic] tardy on the following dates: 8-2-91 10-8-91 10-14-91 11-27-91, 1-13-92. He also to [sic] an unauthorized on 5-6-91. He didn’t called [sic] in until 7:30 A.M. on that day. I’m recommending that Mr. Green’s raise be held up for no less than 6 months due to poor attendance.
Because of this “unsatisfactory” rating, under the Jefferson Parish Personnel Rules, Green was to be re-rated in not less than two nor more than six months.[1] Green was re-rated on April 22,1992, again with an “unsatisfactory” rating because “on April 10, 1992, Mr. Green threatened another employee.” From the testimony at the hearing, Green was involved in breaking-up an altercation between two co-employees at work. Joseph Thomas, a seven month employee, attempted to change the radio station on a Uradio owned by another employee, Donald Jackson. Jackson punched Thomas and Green stepped between the two men to stop the fight. Thomas turned and walked away. Green was the most senior employee present at the time, because the foreman, Clifford Pierre, was twenty to thirty feet away on a backhoe, with his back to the men, and unable to hear *759 the altercation. Thomas demanded that the supervisor be called, which apparently aggravated Green. Donald Price, the superintendent, arrived on the scene and the men were all yelling and cursing at each other. Price was trying to talk to Thomas and Jackson when Green yelled at Thomas that “he would not make it home that night.”
Based on this incident, Price gave Green the “unsatisfactory” rerating on April 21, 1992 and recommended that Green “be suspended for no less than three days.” However, because of these two “unsatisfactory” ratings, Dennis Butler, determined that Green should be terminated and issued the April 23, 1992 termination letter.
In this appeal, Green presents six assignments of error, all of which attack the sufficiency of the evidence used to support his termination. He argues that, based on the evidence presented, the Appointing Authority, JPDS, has not met its burden of proving that his termination was for just cause and that the punishment imposed is commensurate with the dereliction.
The Louisiana Constitution of 1974 establishes a city civil service commission and a department of city civil service in each city having a population exceeding four hundred thousand. La. Const, art. X, §§ 4, 6. An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. He may appeal from such disciplinary action to the City Civil Service Commission, and the burden of proof on appeal is on the appointing authority. La. Const, art. X, § 8. The commission’s decision is subject to review on any question of law or fact upon appeal to the court of appeal. La. Const, art. X, § 12(B).
14This court has held that a dismissal of a civil servant “for cause” is synonymous with legal cause. Appointing Auth., Chief of Police v. Trippi, 499 So.2d 1177 (La.App. 5th Cir.1986); City of Westwego v. McKee, 448 So.2d 166 (La.App. 5th Cir.1984). Legal cause for disciplinary action has been held to exist where “the facts found by the commission, disclose that the conduct of the employee impairs the efficiency of the public service.” Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962). The burden of proving legal cause before the commission shall be on the appointing authority. Appointing Auth., Chief of Police v. Trippi, supra. Thus, the appointing authority must demonstrate, by a preponderance of the evidence, that the employee’s conduct did in fact impair the efficiency and orderly operation of the public service.
The commission has a duty to decide independently from the facts presented whether the appointing authority has good and lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. Walters v. Dept. of Police of New Orleans, 454 So.2d 106 (La.1984). On appeal, the reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the commissions’s findings. Walters v. Dept. of Police of New Orleans, supra.
Green had an excessive amount of absences and had threatened a co-employee, which could not be tolerated during work hours. The Personnel Board found that Green had two “unsatisfactory” ratings and that under the Personnel Rules that entitled the appointing authority to discharge him, which they chose to do.
Applying these rules to the evidence of record, we conclude that the commission (the Personnel Board) was clearly wrong and committed manifest error in its findings that there was lawful cause for the disciplinary action taken in this case.
The Personnel Board rested its decision, maintaining Green’s termination, on the fact that Green had received -two I ¡/‘unsatisfactory” ratings, one for six or more unauthorized attendance infractions and the other for threatening a co-employee. However, the record does not support the factual findings.
In Green’s January 27, 1992 service rating, he is rated “unsatisfactory” for having six or more unauthorized attendance infractions, based on tardiness on five occasions, “8/2/91, 10/8/91, 10/14/91, 11/27/91, 1/13/92,” *760 and an unauthorized absence on 5/6/91.[2] Although the JPDS “Rules” were not admitted into evidence, they were testified to by the Appointing Authority’s witnesses that an employee was to receive an “unsatisfactory” rating if he were absent or tardy (any combination of the two) without authorization for six or more times in a calendar year. Indeed, Green testified that he understood that to be the company policy. The Personnel Board stated, in its “Findings, Conclusions and Order” that six unauthorized attendance infractions would result in an “unsatisfactory” rating and this was the justification for its maintaining the disciplinary action taken against Green. However, the record before this court does not support the Boards findings. To the contrary, the Application for Leave form, filled out on Green concerning his October 14, 1991 late arrival at work, indicates that it was approved by his supervisor and consequently not “unauthorized”. Therefore, there were not six unauthorized attendance infractions, as required by the JPDS rules for an “unsatisfactory” rating, and the January 27, 1992, “unsatisfactory” rating was used against Green erroneously.[3] Consequently, the ¡(jfactual findings relied on by the Board to justify the termination are clearly wrong.
The evidence only supports a finding of five unauthorized late arrivals or absences and therefore Green should not have received the first “unsatisfactory” rating. Absent that first “unsatisfactory” rating, Green would not have been rerated in April of 1992. Rather, his 'next rating would not have occurred until January of 1993. Since the Board rested its affirmance of the dismissal on the two “unsatisfactory” ratings, that decision has no basis and must be vacated. Since the facts used to justify the termination were in error, the appointing authority failed to meet its burden of proof in establishing that Green’s termination was for legal cause.
Accordingly, for the reasons stated above, the decision of the commission, maintaining Green’s dismissal, is reversed. Green is to be reinstated to his former position with all back pay and allowances to be paid retroactive to the date of his termination. Costs are taxed to JPDS.

REVERSED AND RENDERED.

. As part of the Jefferson Parish Personnel Rules, each employee is evaluated annually on their anniversary date. If the evaluation is "satisfactory” the employee is eligible for a raise. If he is rated "unsatisfactory”, by being rated unsatisfactory in any one of three categories (attendance, performance or attitude), he is then placed on "probation and rerated in not less than two nor more than six months." There is no appeal from an "unsatisfactory” rating that does not result in disciplinary action. If the rerating is satisfactory then the employee may receive his raise. If the rerating is also "unsatisfactory” then the employee may be transferred, demoted or terminated. Rule XII.

. It should be noted that whether this absence can be counted against Green is at best questionable. The record indicates that Green was due at work at 7:00 a.m. and that his wife telephoned at 7:30 a.m. to notify the supervisor that her husband was ill. Upon his return to work he brought a note from his physician. This is all that is required by the Jefferson Parish Personnel Rules. The argument that an employee is supposed to telephone two hours before his scheduled arrival time is not evidenced by anything in this record. To the contrary, the testimony indicates that there are no employees at work to answer the phone until 5:30 to 5:45 a.m.

. The Board has argued that since Green did not contest his January 27, 1992 "unsatisfactory” service rating earlier, he should not now be allowed to do so. We find no merit in this argument since Rule XII of the Jefferson Parish Personnel Rules provides specifically that an employee may not appeal from an "unsatisfactory” service rating unless or until it results in disciplinary action.