738 So.2d 114 (1999)
CITY OF KENNER FIRE DEPARTMENT and City of Kenner
v.
KENNER MUNICIPAL FIRE AND POLICE CIVIL SERVICE BOARD.
No. 99-CA-86.
Court of Appeal of Louisiana, Fifth Circuit.
June 1, 1999.
Bordelon, Hamlin & Theriot, Alvin J. Bordelon, Regina S. Wedig, New Orleans, Louisiana, Attorney For Appellants City of Kenner Fire Department and City of Kenner.
Windhorst, Gaudry, Ranson, Higgins & Gremillion, Gregory G. Gremillion, Walter P. Maestri, Gretna, Louisiana, Attorneys For Appellee The City of Kenner Municipal Fire and Police Civil Service Board.
*115 Joseph Lopiccolo, Metairie, Louisiana, Defendant/Appellee In Proper Person.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and THOMAS F. DALEY.
CANNELLA, Judge.
Plaintiffs, The City of Kenner Fire Department and the City of Kenner (Fire Department), appeal from a decision affirming the action by the defendant, Municipal Fire and Police Civil Service Board of the City of Kenner (the Board), in which the termination of an employee was reduced to a 10 day suspension without pay, the loss of 24 hours of annual leave time and attorneys fees of $1000. For the reasons which follow, we affirm in part and set aside in part.
The facts are not in dispute. An employee of the Fire Department, Joseph Lopiccolo (Lopiccolo), was terminated from his employment with the Fire Department and timely appealed his termination to the Board. A hearing was held. Therein it was determined that, at 5:58 a.m. on June 7, 1995, Lopiccolo telephoned the Fire Department and informed the dispatcher that he could not report for work that day as scheduled because he had injured his back. It is required that the employee give the dispatcher information about where he will be during the day. The dispatcher noted that Lopiccolo said he would be at home. In fact, Lopiccolo reported for work at his part-time job with GES Exposition Services (GES), setting up and dismantling exhibits at the New Orleans Convention Center. He worked a full day for GES from 8:00 a.m. to 5:00 p.m.[1] Three days later, Lopiccolo submitted a signed Request for Waiver of Medical Certificate, attesting personally that the illness which prevented him from working on June 7, 1995 was an injury to his middle and lower back. If absent from work due to illness, as opposed to a day of leave, the employee is compensated for the missed day. When confronted by his boss, Fire Chief Zito (Chief Zito), about his improper use of sick leave, Lopiccolo denied it. Chief Zito gave Lopiccolo 24 hours to reconcile the discrepancy. Upon failing to explain the problem, Chief Zito terminated Lopiccolo's employment. Lopiccolo timely appealed to the Board.
A hearing was held by the Board on June 9, 1997. Following the hearing, the Board found that Lopiccolo reported in sick and then worked a full day at another job. They determined that he had not told the truth. In their opinion disciplinary action was appropriate, but termination was too harsh under the circumstances. The Board ruled that Lopiccolo was to be reinstated subject to a 10 day suspension without pay and an additional 24 hour deduction from his annual leave balance. The Board also ordered the Fire Department to pay Lopiccolo attorney's fees of $1000.
Following this determination, the Fire Department filed a Petition for Judicial Review of the Civil Service Board Decision in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. The parties signed a Consent Judgment waiving their right to oral argument and the District Court affirmed the Board's decision. It is from this judgment that the Fire Department appeals.
On appeal the Fire Department argues that the Board exceeded its authority by substituting its judgment as to the appropriate disciplinary action for the judgment of the appointing authority without finding that the appointing authority did not have good cause for imposing the disciplinary action that it imposed. The Fire Department also argues that the Board erred in ordering it to pay attorney fees.
Recently, this court, in Wilson v. Jefferson Parish Dept. of Parks & Recreation, 95-470 (La.App. 5th Cir. 1/17/96), 668 So.2d *116 1167, writs denied, 96-0413 (La.4/19/96), 671 So.2d 927, addressed the parameters of civil service disciplinary proceedings and judicial review thereof and noted the following:
This court has held that a dismissal of a civil servant "for cause" is synonymous with legal cause. Appointing Auth., Chief of Police v. Trippi, 499 So.2d 1177 (La.App. 5th Cir.1986); City of Westwego v. McKee, 448 So.2d 166 (La.App. 5th Cir.1984). Legal cause for disciplinary action has been held to exist where "the facts found by the commission, disclose that the conduct of the employee impairs the efficiency of the public service." Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962). The burden of proving legal cause before the commission shall be on the appointing authority. Appointing Auth., Chief of Police v. Trippi, supra. Thus, the appointing authority must demonstrate, by a preponderance of the evidence, that the employee's conduct did in fact impair the efficiency and orderly operation of the public service.
The Board has a duty to decide independently from the facts presented whether the appointing authority has good and lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. Walters v. Dept. of Police of New Orleans, 454 So.2d 106 (La.1984). On appeal, the reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the commissions's findings. Walters v. Dept. of Police of New Orleans, supra.
Applying these principles to the case before us, we find that the Board was correct in finding that the Fire Department had legal cause for taking disciplinary action against Lopiccolo, but was clearly wrong in reducing the disciplinary action to a mere 10 day suspension and an additional 24 hour deduction from his annual leave balance.[2]
Lopiccolo called in sick, stated that he would be rehabilitating at home and, in fact, worked at his part-time job elsewhere. By taking a sick leave day, Lopiccolo was paid by the fire department. He could have taken other leave and not taken his pay as a fireman for that day. The actions that he chose border on the illegal and are certainly a problem to an employer who must insure the proper operation of its office and the fair and consistent treatment of all employees and hinder proper fire protection to the public. In Burke v. Baton Rouge Metro Airport, 97-947 (La. App. 1st Cir. 5/15/98); 712 So.2d 1028, 1032, the court, referring to Ferguson v. DHHR, Office of Management and Finance, 451 So.2d 165 (La.App. 1st Cir. 1984), noted that the misuse of sick leave "by its very nature, impairs the efficient operation of the public service for which he was employed." Therefore we find, as did the Board, that the appointing authority met its burden of proving that Lopiccolo's conduct did in fact impair the efficient and orderly operation of the public service. Any implication in the Board's findings to the contrary was clearly wrong.
The Board must also determine whether the imposed punishment was commensurate with the dereliction. The Board is not free to simply substitute its judgment for that of the appointing authority.
There was testimony in the record that the appointing authority checked with other city agencies concerning the disciplinary action and the punishment that it was considering imposing and was informed that it was in line with action taken by other city agencies. There was no contradictory evidence presented to indicate that similar *117 action had not been taken against employees who had committed similar infractions.[3] Counterbalancing that, however, was the fact that this was Lopiccolo's first offense in a twelve year career.
As explained above, there is no question that the employee committed a serious act that warranted disciplinary action and disciplinary action was taken. By the Board's decision, the employee was reinstated after six months. However, by reinstating him with back pay, the Board permitted the employee to, in effect, profit from his misdeed. We find no justification in this record for that outcome. Therefore, while we agree with the Board that the punishment imposed by the Fire Department (termination) was not commensurate with the dereliction, we also find that the Board was clearly wrong in reducing the punishment, for this offense, to a mere 10 day suspension.
Accordingly, the part of the decision by the Board finding that the appointing authority had good cause for taking disciplinary action against Lopiccolo is affirmed. However, the part of the decision imposing a 10 day suspension is set aside and the case is remanded to the Board for imposition of punishment consistent with the views expressed herein. The award of attorney fees is likewise set aside.
AFFIRMED IN PART, SET ASIDE IN PART AND REMANDED.
NOTES
[1] Lopiccolo also worked for GES the two days before the day in question and the two days after, but he was not scheduled to work at the Fire Department on those days.
[2] As noted by the Fire Department, the effect of the Board's decision was to reward Lopiccolo's improper conduct with a 6 month paid vacation.
[3] See Dumez v. Houma Municipal Fire and Police Civil Service Board, 408 So.2d 403 (La. App. 1st Cir.1981) (dismissal for discourtesy [use of profanity] toward a superior); Timmons v. Municipal Fire & Police Civil Service Board, 395 So.2d 1372 (La.App.1st Cir.1981)(dismissal for being in a bar while on sick leave).