Dear Mayor Watkins:
You advise this office that the City of Covington operates under the provisions of a home rule charter adopted pursuant to Article VI, Section 5(E) of the Louisiana Constitution. Article IV of the Charter provides that all five chartered department heads serve at the pleasure of the Mayor.[1] The police department is a chartered department, and the chief of police is appointed by the Mayor.
Citing the language of Article IV of the Charter, the Mayor-Elect of the City of Covington has informed the City's appointed chief of police that he will be terminated on July 4, 2011, the date of the Mayor-Elect's inauguration. You ask this office to advise if Article IV of the Charter is controlling, considering the fact that the police department personnel of the City of Covington are afforded the protection of the fire and police civil service laws and may only be terminated for cause.
The City of Covington is governed by the Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts, found at La.R.S. 33:2531, et seq. Under this law, the appointed chief of police of the City of Covington is placed within the classified service pursuant to R.S. 33:2541 (A).[2] *Page 2 
Civil service employees are afforded constitutional protection in disciplinary actions pursuant to Article 10, Section 8(A) of the Louisiana Constitution, providing that "no person shall who has gained permanent status in the classified state or city service shall be subject to disciplinary action except for cause expressedin writing." Further, the jurisprudence recognizes that civil service statutes are designed to secure adequate protection to career public employees from political discrimination.[3]
With respect to the classified police department employees of the City of Covington, cause in a disciplinary action by an appointing authority is statutorily defined by R.S. 33:2560. Under R.S. 33:2561, an employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause may appeal the action to the municipal fire and police civil service board, where the board will review the action taken against the employee to ensure such action "was made in good faith for cause set forth in the provisions of this Part." See R.S. 33:2561 (B)(1).
There is also jurisprudence further discussing what constitutescause relative to disciplinary actions taken against classified police department employees. In the case of Martin v. City of St.Martinville, 321 So.2d 532, 535 (La.App. 3rd Cir. 1975), writdenied, 325 So.2d 273 (La. 1976), the Mayor and City Council of St. Martinville dismissed the Chief of Police of St. Martinville. The Civil Service Board and the district court upheld the dismissal, finding that the disciplinary action was taken "in good faith for cause" as required by R.S. 33:2561. However, the Court of Appeal reversed the dismissal of the Police Chief because it found that the dismissal was not made "for cause". The Court wrote:
 LSA-R.S. 33:2561 provides, in substance, that the issue to be determined by the Police Civil Service Board or by the district court, in the event an appeal is taken to that court, is whether the decision of the appointing authority or of the board was "made in good faith for cause" as set forth in the Fire and Police Civil Service Law for small municipalities (LSA-R.S. 33:2531-2568). We interpret that to mean that the action of the appointing authority, in order to be valid, must be both, "in good faith" and "for cause." The action of that authority must be set aside if it was not taken "for cause," even though it may have been taken in good faith. Our particular concern *Page 3 
here is whether the suspension or dismissal of plaintiff Martin was made "for cause."
 The applicable statutes do not define "cause" and we have been referred to no Louisiana jurisprudence in which that term has been interpreted in connection with similar types of cases. We have found cases decided in other jurisdictions, however, where the word "cause" has been construed in connection with similar statutes, and we consider the reasoning in some of those cases to be persuasive here. In Riley v. Board of Police Commissioners of City of Norwalk, 147 Conn. 113, 157 A.2d 590 (1960), for instance, the court said, "Cause implies a reasonable ground of demotion or removal as distinguished from a frivolous or incompetent ground." The word "cause" also has been defined as "some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as good cause for his no longer holding the position." Coursey v. Board of Fire and Police Commissioners, 90 Ill.App.2d 31, 234 N.E.2d 339 (1st Dist. 3rd Div. 1967).
 We believe that in order for the dismissal or the disciplining of a tenured police officer to be valid, as being in good faith for cause under LSA-R.S. 33:2561, the dismissal or disciplinary action must be reasonably necessary for the continued efficiency of the service being rendered by the appointing authority. The evidence must show that the failure to dismiss or discipline the officer would be detrimental to the city or to the service which it is required to perform. The dismissal of such an officer cannot be said to have been made "in good faith," if the appointing authority acted arbitrarily or capriciously, or if the action taken was the result of prejudice or political expediency. His dismissal cannot be said to have been "for cause," if the evidence fails to show that it was necessary for the discipline and efficiency of the police department, or that it was needed to avoid some detriment to that department or to the city.
Martin, 321 So. 2d at 535 (emphasis added); see alsoMoore v. Ware, 2001-3341 (La. 2/25/03)839 So.2d 940, 946 ("good faith does not occur if the appointing authority acts arbitrarily or capriciously, or as a result of prejudice or political expediency.").
Further, the Due Process Clauses of the Federal and State Constitution provide that persons may not be deprived of the right to life, liberty and property except pursuant to constitutionally adequate procedures. See U.S. Const, amend. XIV; La.Const, art. 1 § 2. A due process claim in the context of civil service *Page 4 
employment depends upon an employee having a property right in continued comparable employment. See Cleveland Board ofEducation v. Loudermill,470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Tenured or classified civil service status is considered a property right and cannot be taken away without due process. See La.Const, art. I, § 2; Wilson v. Jefferson Parish, 95-470 (La.App. 5 Cir. 1/17/96), 668 So.2d 1167, writ denied, 96-413 (La. 4/19/96), 671 So.2d 927; Bell v. Department of Healthand Human Resources, 483 So.2d 945 (La. 1986), cert.denied, 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986).
The City of Covington, as a post-1974 constitutional home rule charter entity, is authorized by Article VI, Section (5)(E) of the Louisiana Constitution to exercise "any function necessary, requisite, or proper for the management of its affairs, not deniedby general law or inconsistent with this constitution." The Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts, La.R.S. 33:2531, etseq., is general law applicable to those fire and police civil service systems operating in small municipalities as statutorily defined.
It is the opinion of this office that to the extent Article IV of the City of Covington's home rule charter conflicts with these provisions of general law applicable to the fire and police civil service, the civil service laws are controlling. It is also the opinion of this office that removal of the City's classified chief of police in reliance upon Article IV of the City of Covington's home rule charter and in the absence of cause
under R.S. 33:2560 may have significant federal and state due process implications. See U.S. Const, amend. XIV; La.Const, art. I, § 2.
It is the opinion of this office that the Mayor-Elect of the City of Covington may not remove the City's appointed chief of police under Article IV of the home rule charter outside of the civil service framework. Rather, the City's chief of police may be terminated in his civil service position only in good faith and for cause under R.S. 33:2560.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_______________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] Article IV of the City of Covington Home Rule Charter provides:
Article IV. Administration
Section 4-01. General provisions
Except as otherwise provided by this charter all departments, offices and agencies shall be under the direction and supervision of the mayor, and the heads of all departments created by or under this charter, including the city attorney, shall be appointed by the mayor, subject to confirmation by the council, and shall serve at the pleasure of the mayor.
[2] A. The classified service shall comprise every position, except those included in the unclassified service, to which the right of employee selection, appointment, supervision, and discharge is vested in the government of the municipality, parish or fire protection district as the case may be, under which the fire or police service functions, or in an officer or employee thereof, and which has as its primary duty and responsibility one of the following . . . 1. The chief and assistant chiefs . . .
[3] See Chief of Police for the City of Kenner v. Trippi,499 So.2d 1177 (La.App. 5 Cir. 1986); City of Kenner v.Pritchett, 432 So.2d 971 (La.App. 5 Cir. 1983); see alsoOwen v. City of Shreveport, 29,990, 705 So.2d 795 (La. App. 2d Cir. 1/21/1998); reh'g denied, (Feb. 19, 1998); and writdenied, 98-0667, 717 So. 2d 1179 (La. 4/24/1998); State ex rel.Murtagh v. Department of City Civil Service,215 La. 1007, 42 So.2d 65 (1949).